W. Vincent Grady, J.
Plaintiffs’ motion is for an order pursuant to CPLB 3025 (subd. [b]) granting them leave to serve a second amended complaint and for an order pursuant to CPLB 2221 for leave to reargue that part of the order of this court dated December 15, 1971, which struck the allegations of plaintiffs’ amended verified hill of particulars concerning “lack of informed consent.”
That part of plaintiffs’ motion which seeks leave to reargue is granted, and upon reargument, the court adheres to its decision dated November 4, 1971.
*277 The doctrine of no “ informed consent ’ ’ which plaintiffs seek to introduce into this case on the eve of trial emanates from the decision of Natanson v. Kline (186 Kan. 393). The Second Department followed the doctrine of that case in Di Rosse v. Wein (24 A D 2d 510) and the Court of Appeals in Fiorentino v. Wenger (19 N Y 2d 407, 413) has apparently adopted this theory. However, the proof of a claim of no “ informed consent” is different from proving the essential elements in a malpractice case, since in the latter it is necessary to prove that there was not only a departure from a duty owed by the doctor to the patient, but that the departure was the proximate cause of the complications. A cause of action based on no informed consent is predicated on the concept that the patient never legally agreed to the procedure being done and that therefore whatever injuries ensued are the products of an illegal act (Medical Malpractice, Charles Kramer, N. Y. L. J., Nov. 26, 1971, p. 3, col. 6).
In Di Rosse v. Wein (supra) the court points out that there was no objection on the trial to evidence, on the question of the failure to disclose possible dangers in the treatment, which was not within the allegations of the pleadings, and, because there was no such objection, the court permitted the pleadings to be amended to the proof (24 A D 2d 510, 511). However, here, the defendants do object to any evidence, since there were no allegations in the pleadings as to lack of informed consent until the eve of trial.
In Crombie v. Miller (14 A D 2d 895, 896) the Appellate Division, Second Department, held: “ In our opinion the denial of the motion five years after the accident was a proper exercise of discretion. At such a late date the granting of the motion would have substantially impaired defendants’ rights (Rules Civ. Prac., rule 166; Feizi v. Second Russian Ins. Co., 199 App. Div. 775). The trial court was not required to permit an amendment of the pleadings which would radically change the theory upon which recovery was originally sought (Berkenstat v. Oliver, 275 App. Div. 679, and cased cited therein).”
This court has pointed out in its prior decision that the plaintiffs herein waited six years to set forth a new theory of liability. A complaint can be amended only at a time which would give the defendant a right and opportunity to meet by evidence the allegations made against it (6 Carmody-Wait 2d, New York Practice, § 34:23, p. 91).
Defendants are prepared to proceed immediately to trial to defend the various alleged acts of negligence which plaintiffs claim constitute malpractice in their original complaint. The *278 lack of informed consent is an entirely new theory requiring different proof and defendants will be prejudiced if the pleadings are amended as the trial is about to begin and defendants have no opportunity to prepare a defense against the claim of no informed consent.
Accordingly, plaintiffs’ motion to amend the complaint is denied.