■ GRACE M. HENEGAR et al., Appellants, v. A. Z. FREUDENHEIM et al., Respondents.— In a medical malpractice action to recover damages for personal injuries, plaintiffs appeal from (1) so much of an order of the Supreme Court, Rockland County, entered December 21, 1971, as granted the branch of a motion of defendants Freudenheim and Peck which was to strike those portions of plaintiffs' amended bill of particulars which alleged lack of informed consent and (2) so much of an order of the said court entered April 17, 1972 as (a) upon reargument adhered to the above-mentioned determination and (b) denied leave to plaintiffs to serve a second amended complaint including a claim of

lack of informed consent. Appeal from the order entered December 21, 1971 dismissed. This order was superseded by the subsequent order granting reargument and adhering to the original determination. Order entered April 17, 1972 modified (1) by striking therefrom the second decretal paragraph, which adhered to the original determination striking from plaintiffs' amended bill of particulars the allegations of lack of informed consent, and substituting therefor a provision denying the motion for that relief and (2) by striking from the third decretal paragraph thereof, which denied leave to serve a second amended complaint, the word "denied" and substituting therefor the word "granted". As so modified, order affirmed insofar as appealed from. Appellants are granted $10 costs and disbursements, jointly against respondents appearing separately and filing separate briefs, to cover the appeals from both orders. The complaint was served in February, 1965, four months prior to the decision of this court in *Di Rosse* v. *Wein* (24 A D 2d 510), which, for the first time in this State, recognized that malpractice could include a failure to make reasonable disclosure to the patient of the known dangers incident to or possible in a proposed course of treatment. In February, 1971 plaintiffs were granted leave to amend their bill of particulars so as to allege a lack of informed consent to vaginal radiation treatments which had been administered. Leave thus to amend the bill was granted on condition that plaintiffs submit to further discovery proceedings. In September, 1971, the individual defendants, having taken advantage of those discovery proceedings, moved for reargument of the motion to amend the bill. The reargument motion was heard by Mr. Justice Grady, Mr. Justice Galloway, who had granted the original motion, having died in the interim. Although CPLR 2221, which controls motions for reargument, contains no time limit, such motions should be made prior to the expiration of the time within which an appeal from the original order may be taken (*Matter of Huie* [*Furman*], 20 N Y 2d 568). Defendants may not take advantage of the order and, after receiving its benefits, move for reargument long after the time limited for the taking of an appeal had passed. The assertion of the new theory of lack of informed consent is not barred by the Statute of Limitations (CPLR 203, subd. [e]; see, also, *Tobias* v. *Kesseler*, 18 A D 2d 1094). Hopkins, Acting P. J., Munder, Shapiro, Christ and Brennan, JJ., concur. [70 Misc 2d 276.]