■ JACQUELINE ALI, Respondent, v BAHADUR ALI, Appellant.—In a matrimonial action, in which a judgment of divorce had previously been entered, in which defendant moved to modify the provisions of that judgment and plaintiff moved to hold him in contempt, defendant appeals, as limited by his brief, from an order of the Supreme Court, Nassau County, entered August 5, 1977, which, *inter alia,* (1) granted plaintiff's motion to punish defendant for contempt, (2) directed the entry of a money judgment in favor of plaintiff in the sum of $45,002 (representing unpaid arrears in alimony and child support payments from January, 1973 to July, 1977) and (3) awarded plaintiff counsel fees in the sum of $3,500, and except from so much of the said order as directed that the marital residence be sold at a price to be agreed upon by the parties and that the proceeds of such sale be divided equally between the parties. Order reversed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for further and prompt proceedings not inconsistent herewith. Pending such further proceedings, defendant is directed to pay the sum of $150 per week to plaintiff for the support and maintenance of the children of the marriage. The basic issue on this appeal is whether Special Term was justified in denying an adjournment requested by defendant's counsel and in proceeding without delay to receive the testimony of the plaintiff concerning the alleged arrears in alimony and child support payments chargeable to defendant.

The record clearly indicates that counsel for defendant did not receive the papers served by plaintiff in her contempt proceeding (initiated by order to show cause dated July 8, 1977) until he arrived at court on July 12, 1977 for a scheduled conference on defendant's prior application to modify the support provisions of the decree of divorce. That application by defendant had already been before Special Term for a hearing on June 2 and 3, 1977, and the hearing had been adjourned so that defendant could obtain copies of his Federal income tax returns for the years 1974, 1975 and 1976 from the Internal Revenue Service. (By letter dated June 20, 1977 counsel for defendant had notified Special Term that such a request had been made to the IRS on June 10, 1977 and that it would take about eight weeks for the copies of the returns to be provided.) At the hearing on July 12, 1977 defendant's counsel did not oppose plaintiff's oral motion to consolidate the contempt motion with defendant's application for a modification of the divorce decree, but he did request that an adjournment be granted so that he could prepare a defense to the allegations in the contempt proceeding. Special Term refused to grant the requested adjournment and proceeded to take plaintiff's testimony in the now consolidated motions, saying to defendant's counsel: "You just have to do the best you can." Counsel for defendant continued in his efforts to obtain an adjournment and refused to cross-examine plaintiff, who testified that she had gone over all of her records and had ascertained that defendant owed her $45,002 in arrears. Special Term found this evidence sufficient and directed, *inter alia,* that plaintiff be granted a money judgment in that amount. We hold that the denial of the requested adjournment, under the circumstances of this case, constituted an improvident exercise of discretion. Counsel for defendant presented a sufficient reason for an adjournment (and, in fact, had reason to presume that nothing further would transpire until the copies of the tax returns were provided), and there was no indication that a reasonable adjournment would have been prejudicial to plaintiff. In the interest of justice, defendant should have been granted the time necessary to prepare his defense to the contempt charges (see CPLR 4402). This action must be remanded for further proceedings at which the defendant can defend himself against the charge of contempt and at which his own application for relief may be determined on the merits. Latham, J. P., Cohalan, Margett and Damiani, JJ., concur.