■ In the Matter of FRED J. BUSCAGLIA, as Commissioner of Social Services of Erie County, Respondent, v WILLIAM E. RUH, Appellant. (Appeal No. 1.)

The proof established that the child's mother and respondent had an intimate relationship since mid-1982. With some interruptions, this relationship continued until sometime in mid-1985. The mother testified that she learned of her pregnancy in mid-September 1985 and that her last menstrual period prior to her pregnancy was in mid-July 1985. When born, the child weighed 8 pounds, 7 ounces, which suggests a full gestational period. There was no evidence that the child was premature.

Critical to the Hearing Officer's determination was the relationship between the parties in July to early August 1985, an issue sharply contested by the parties, since it is during this period that conception likely occurred. In fact, the mother testified that she assumed she became pregnant the "weekend of August 2nd/3rd, 1985". Respondent testified that he and the mother stopped having sexual relations in June 1985.

In support of the mother's contention that she and respondent were together in early August 1985, petitioner produced a witness, one Anita Gross, who testified that the child's mother and respondent attended a party together at her home on August 4, 1985, at which mutual friends were present, including one Gary Kareff who was visiting from Florida.

Respondent denied being at the Gross home on August 4, 1985, and he and another witness testified that Gary Kareff did not visit Buffalo until late August 1985 and could not have been at the Gross party on August 4, 1985.

Upon learning of the Gross testimony, respondent's attorney sought a continuance of the hearing, stating that he was prepared to produce Gary Kareff within three days who, he alleged, would testify that he was not at the Gross home on August 4, 1985. The Hearing Officer, without giving any reason therefor, denied the motion. In his decision, the Hearing Officer specifically found "that as a result of an act of intercourse during July or August, 1985 with said William Ruh, [mother] became pregnant and gave birth to a male child on April 22, 1985 after a full term pregnancy" and further, found "that [mother] and William Ruh had a continuing social and sexual relationship during July and August 1985 and further finds that *said parties were together at Anita Gross' home during early August, 1985"* (emphasis supplied). The Hearing Officer found that this evidence was critical and this was the very issue which respondent sought to refute by requesting a continuance.

"It is an abuse of discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence * * * Liberality should be exercised in granting postponements or continuances of trials to obtain material evidence and to prevent miscarriages of justice" *(Balogh v H.R.B. Caterers,* 88 AD2d 136, 141). In the instant case, the hearing was nonjury, before a Judicial Hearing Officer, the application was made very shortly after respondent's attorney learned for the first time of the testimony sought to be refuted, and the requested time for the continuance amounted to four days, most of which was over a weekend. In the interest of justice, respondent should have been granted the short delay sought by him in order to produce the witness whose testimomy was material and necessary to his case (CPLR 4402; *Ali v Ali,* 60 AD2d 615, 616). There is nothing in the record to indicate that a reasonable adjournment would have been prejudicial to petitioner.

On remittal, the hearing should be conducted before a different Judge *(see, Vasile v Vasile,* 116 AD2d 1021, 1022; *Matter of Jennifer Maria G.,* 112 AD2d 755, 756, *mot to dismiss appeal granted* 66 NY2d 1035). (Appeal from order of

Erie County Family Court, Trost, H.E.—paternity.) Present—Doerr, J. P., Boomer, Green, Balio and Lawton, JJ.