EDWARD WILLIAMS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [869 NYS2d 799]—

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court (*see* CPLR 3126 [2]; *Kihl v Pfeffer,* 94 NY2d 118, 122-123 [1999]; *Suazo-Alvarez v Nordlaw, LLC,* 48 AD3d 670, 670-671 [2008]; *Lotardo v Lotardo,* 31 AD3d 504 [2006]). There is nothing in the record that warrants disturbing the Supreme Court's exercise of discretion in this case. The Supreme Court could have properly inferred the willful and deliberate character of the plaintiffs' conduct from their failures, over an eight-year period, to disclose the names of two nonparty witnesses (*see Frenk v Frederick,* 38 AD3d 593 [2007]; *Moog v City of New York,* 30 AD3d 490, 491 [2006]; *cf. Bermudez v Laminates Unlimited,* 134 AD2d 314 [1987]). Under the circumstances, precluding the testimony of or any other evidence obtained from two nonparty witnesses was proper (*see Frenk v Frederick,* 38 AD3d 593 [2007]; *Moog v City of New York,* 30 AD3d at 491; *see also Andujar v Benenson Inv. Co.,* 299 AD2d 503 [2002]; *Ortega v New York City Tr. Auth.,* 262 AD2d 470 [1999]). Rivera, J.P., Lifson, Eng and Chambers, JJ., concur.