■ TARTAN TEXTILE SERVICES, INC., Appellant, v ST. JOSEPH'S HOSPITAL HEALTH CENTER, Respondent. [872 NYS2d 622]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 4, 2007 in an action for, inter alia, breach of contract. The order, insofar as appealed from, granted defendant's amended motion insofar as it sought preclusion of expert testimony and certain documentation at trial.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for, inter alia, breach of a contract pursuant to which it was to provide defendant with laundry services. Discovery continued after plaintiff filed the note of issue in October 2003, but plaintiff did not provide any expert disclosure. On May 1, 2006, plaintiff provided 32 pages of financial documentation to support its calculation of damages. On May 12, 2006, three days before the trial was scheduled to begin, Supreme Court returned

the action to the general docket and gave the parties one year in which to restore the case to the calendar. Plaintiff's attorney restored the case to the calendar on May 10, 2007 but had not provided expert disclosure or additional financial documentation. The court then directed plaintiff to provide expert witness disclosure by June 29, 2007. When plaintiff had not done so by July 9, 2007, defendant moved, inter alia, to preclude plaintiff from presenting any expert testimony at trial. In its opposing papers, plaintiff served defendant with two expert witness disclosures, and the court granted plaintiff's request for an adjournment of defendant's motion to September 12, 2007. On August 15, 2007, plaintiff served defendant with approximately 1,700 pages of financial documentation. Defendant then filed an amended motion seeking additional relief, including preclusion of any financial documentation disclosed after the note of issue was filed, which was in effect all financial documentation. The court granted defendant's amended motion to the extent that it sought preclusion of expert testimony and all financial documentation at trial.

Under the circumstances of this case, we conclude that the court did not abuse or improvidently exercise its discretion in fashioning an appropriate sanction for plaintiff's repeated failures to provide requested discovery (*see* CPLR 3126; *see Optic Plus Enters., Ltd. v Bausch & Lomb Inc.*, 37 AD3d 1185, 1186-1187 [2007]; *Kimmel v State of New York*, 267 AD2d 1079, 1080-1081 [1999]). Present—Martoche, J.P., Fahey, Green and Pine, JJ.