DANIEL CHAMBERLAIN, Appellant, v LARISSA DUNDON et al., Respondents. (Appeal No. 1.) [876 NYS2d 921]—Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered November 7, 2007 in a personal injury action. The order denied the motion of plaintiff for an adjournment of the trial.

Appeal from a judgment of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered December 4, 2007 in a personal injury action. The judgment awarded defendants costs and disbursements upon a verdict of no cause of action.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and a new trial is granted on liability.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was bitten by defendants' dog. We agree with plaintiff that Supreme Court abused its discretion in denying his motion for an adjournment of the trial to enable him to secure the attendance of a witness. "It is an abuse of discretion to deny a[n adjournment] where the [motion] complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a[n adjournment] does not result from the failure to exercise due diligence" (*Balogh v H.R.B. Caterers*, 88 AD2d 136, 141 [1982]; *see Matter of Buscaglia v Ruh*, 140 AD2d 996, 997 [1988]). Here, the proposed testimony of the witness in question was material to the issue of defendants' prior knowledge of the dog's vicious propensities, and the absence of the witness did not result from a lack of due diligence on the part of plaintiff inasmuch as he properly subpoenaed the witness (*see generally Balogh*, 88 AD2d at 140-141). Indeed, plaintiff learned only one week prior to the trial that the witness was not able to return to the country in time for the scheduled trial date because of a family emergency (*cf. Harper v Han Chang*, 267 AD2d 1011, 1012 [1999]). We further note that the requested adjournment would have resulted in a delay of only nine days, and there is no indication in the record before us that the delay would have prejudiced defendants (*see Buscaglia*, 140 AD2d at 997). Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.