# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**293**
**CA 11-01606**
PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

GAIL L. HARRIS, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ROBERT SEAGER, JAMES BRIGANTI AND MARIE BRIGANTI,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

LAW OFFICE OF RONALD D. ANTON, NIAGARA FALLS (SCOTT A. STEPIEN OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF LAURIE G. ODGEN, BUFFALO (DANIEL J. CAFFREY OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Niagara County (Sara
S. Sperrazza, A.J.), entered April 21, 2011 in a personal injury
action.  The judgment dismissed the complaint upon a directed verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law without costs, defendants' motion for
a directed verdict is denied, the complaint is reinstated and a new
trial is granted.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when she tripped over a raised
threshold in a doorway while exiting a store owned by defendants James
Briganti and Marie Briganti and operated by defendant Robert Seager.
The door through which plaintiff exited the store led directly to an
exterior stairway with a handrail on one side only.  According to
plaintiff, as she was falling down the stairs after tripping on the
threshold, she reached for a railing on the side of the stairway where
there was none, and she therefore tumbled down the stairs and injured
her right foot and leg.  Shortly before trial, Supreme Court granted
the motion of defendants to preclude plaintiff's proposed expert
witness from testifying at trial.  After plaintiff rested at trial,
defendants moved for a directed verdict dismissing the complaint,
contending, inter alia, that plaintiff failed to establish that they
had actual or constructive notice that the alleged defects in the
property were dangerous.  The court granted the motion, stating that
"there is no way that there [is] any legal basis to put before the
jury the issue of notice or causation," and entered judgment
dismissing the complaint.

We conclude that the court erred in granting defendants' motion

for a directed verdict.  The evidence proffered by plaintiff clearly established that defendants had constructive, if not actual, notice of the allegedly dangerous conditions on the property, i.e., the raised threshold and the absence of a handrail on one side of the stairway.  Indeed, as defendants conceded, those conditions had existed on the property for years prior to plaintiff's accident.  Contrary to defendants' contention, plaintiff was not required to establish that defendants had notice of the allegedly dangerous nature of the threshold and stairway.  To establish the notice element of her negligence claim, plaintiff was required to demonstrate that defendants had notice of conditions that she alleged were dangerous, but she was not required to demonstrate that defendants knew that those conditions were dangerous (*see generally* PJI 2:90; *Tanguma v Yakima County*, 18 Wash Ct App 555, 563, 569 P2d 1225, 1230, *review denied* 90 Wash 2d 1001).  To the extent that defendants rely on dicta in the decision of the Third Department in *Richardson v Rotterdam Sq. Mall* (289 AD2d 679, 682) that suggests otherwise, we decline to follow it.  We note that, in support of their motion for a directed verdict, defendants did not contend the alleged defects in the property were "trivial as a matter of law" (*Sokolovskaya v Zemnovitsch*, 89 AD3d 918, 918; *see generally Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1606; *Tully v Anderson's Frozen Custard, Inc.* [appeal No. 2], 77 AD3d 1474, 1475), nor do they advance that contention on appeal.

Finally, we reject plaintiff's contention that the court abused its discretion in granting the motion of defendants to preclude the testimony of plaintiff's expert based on her failure to comply with CPLR 3101 (d) (1).  "It is within the sound discretion of the trial court to determine whether a witness may testify as an expert and that determination should not be disturbed 'in the absence of serious mistake, an error of law or abuse of discretion' " (*Saggese v Madison Mut. Ins. Co.*, 294 AD2d 900, 901, quoting *Werner v Sun Oil Co.*, 65 NY2d 839, 840).  Given the deficiencies in plaintiff's expert disclosure, we perceive no abuse of the court's discretion in this case.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                   Clerk of the Court