In the Matter of ROSALYN YY., Respondent, v OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, and DAVID XX., Appellant, et al., Respondent. [956 NYS2d 322]—

Peters, P.J.

1402

We affirm. The sole argument advanced by the grandfather on this appeal is that Family Court abused its discretion in failing to adjourn the hearing after the mother was unable to appear due to circumstances beyond her control. Neither the grandfather nor the father, however, requested an adjournment or continuance of the proceeding. Rather, the relief requested was outright dismissal of the mother's petition for failure to proceed. Nevertheless, Family Court declined to grant an adjournment, and its decision in that regard will not be disturbed absent a clear abuse of discretion (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]; *Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]).

Here, the record shows that the mother appeared through her counsel, who explained her absence and waived her appearance; thus, there was no default and a full hearing was held despite her absence (*see Matter of Cecelia A.*, 199 AD2d 582, 583 [1993]; *cf. Matter of Williams v Williams*, 35 AD3d 1098, 1099-1100 [2006]). Although the grandfather maintains that the mother's absence deprived him of an opportunity to cross-examine her, it is undisputed that he did not subpoena her as a witness (*compare Chamberlain v Dundon*, 61 AD3d 1378, 1379 [2009]). The record reveals that relevant information concerning the mother's initial setbacks in treatment—followed by her later successes—were put into evidence, principally through the testimony of the mother's caseworker, a DSS employee. Specifically, the caseworker, who was subject to cross-examination, not only detailed the mother's successful completion of required services, but also set forth information regarding the apartment that the mother had obtained and the plans for close monitoring of the family by DSS as the children transitioned into a new home and school. Given all the circumstances, including Family Court's familiarity with this matter, we find no basis to conclude that the court abused its discretion in failing to adjourn the hearing.

Rose, Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.