# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**621**

**CA 14-00777**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

DOMENIC MAGGIO, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

RONALD JOHN DOUGHTERY, THE TULLY HILL
CORPORATION, DOING BUSINESS AS TULLY HILL
CHEMICAL DEPENDENCY TREATMENT CENTER,
COMMUNITY GENERAL HOSPITAL AND MICHAEL
SHAW, DEFENDANTS-RESPONDENTS.

---

KUCHNER LAW FIRM, PLLC, SYRACUSE, D.J. & J.A. CIRANDO, ESQS. (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, GARDEN CITY (LISA ROBINSON OF COUNSEL), FOR DEFENDANT-RESPONDENT THE TULLY HILL CORPORATION, DOING BUSINESS AS TULLY HILL CHEMICAL DEPENDENCY TREATMENT CENTER.

MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (C. TAYLOR PAYNE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS COMMUNITY GENERAL HOSPITAL AND MICHAEL SHAW.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (EDWARD J. SMITH, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT RONALD JOHN DOUGHTERY.

-----------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered April 10, 2013. The order, among other things, granted the motions and cross motion of defendants to preclude plaintiff from offering any expert evidence at trial and to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motions and cross motion in part, and reinstating the complaint, and as modified the order is affirmed without costs.

Memorandum: In this action for medical malpractice, plaintiff alleges that defendants failed to diagnose his Wernicke's Syndrome and failed to follow the standard of medical care in the prescription and administration of thiamine. Defendants moved and cross-moved pursuant to, inter alia, CPLR 3126 for an order precluding plaintiff from offering any expert evidence at trial for failure to comply with CPLR 3101 (d) (1), and dismissing the complaint. Supreme Court granted the motions and cross motion, and plaintiff appeals.

We reject plaintiff's contention that the court erred in granting the motions and cross motion insofar as they sought preclusion. "It is within the sound discretion of the trial court to determine whether a witness may testify as an expert[,] and that determination should not be disturbed in the absence of serious mistake, an error of law or abuse of discretion" (*Harris v Seager*, 93 AD3d 1308, 1309 [internal quotation marks omitted]). The record establishes that the report of plaintiff's expert was prepared in draft format prior to plaintiff's cross motion for an extension of time to provide expert disclosure and that plaintiff delayed disclosing that report for approximately eight months after its preparation. Plaintiff does not dispute that he disclosed the expert's report after the court-imposed deadline for disclosure. Furthermore, the report failed to disclose information required by CPLR 3101 (d) (1). We therefore perceive no abuse of the court's discretion in granting preclusion (*see Harris*, 93 AD3d at 1309).

We agree with plaintiff, however, that the court erred in granting those parts of the motions and cross motion seeking dismissal of the complaint on the ground that plaintiff cannot establish a prima facie case without the benefit of expert testimony (*cf. Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 805, *lv dismissed in part and denied in part* 88 NY2d 842; *see generally Monahan v St. Joseph's Hosp. & Health Care Ctr.* [appeal No. 1], 82 AD2d 102, 107). We therefore modify the order accordingly. The motions and cross motion sought dismissal as a sanction for a discovery violation rather than summary judgment dismissing the complaint. We conclude that, under the circumstances of this case, preclusion was the appropriate sanction and that the court therefore abused its discretion in dismissing the complaint (*see Breen v Laric Entertainment Corp.*, 2 AD3d 298, 300; *see also* CPLR 3126; *cf. Tartan Textile Servs., Inc. v St. Joseph's Hosp. Health Ctr.*, 59 AD3d 955, 956).

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court