# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**285**
**CA 16-00574**
PRESENT: LINDLEY, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN,

---

DOROTHY SLOMCZEWSKI, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

JAMES A. ROSS, AMY A. LINEHAN AND ACEA MOSEY,
PUBLIC ADMINISTRATOR OF THE ESTATE OF ASSUNTA
ROSS, DECEASED, DEFENDANTS-APPELLANTS.

---

BROWN & KELLY, LLP, BUFFALO (DONALD B. EPPERS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

THE HIGGINS KANE LAW GROUP, P.C., BUFFALO (TERRENCE P. HIGGINS OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), entered January 19, 2016.  The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and a new trial is granted.

Memorandum:  Plaintiff commenced this action to recover damages for injuries she sustained when she fell down some steps outside a residence owned by defendants.  According to plaintiff, her fall was attributable to the nonuniform configuration of the steps and the fact that the wrought iron stair railing broke off from its anchorages in the concrete steps as plaintiff held onto it.  Defendants appeal from a money judgment entered in favor of plaintiff on the basis of a jury verdict rendered at a second trial (conducted after an initial mistrial) on the issues of liability and damages.

We reject defendants' contention that Supreme Court erred, in a ruling made before the first trial and continued in effect for the second, in precluding the individual who repaired and replaced the railing following the accident from testifying as a fact witness with respect to the condition of the railing at the time of the accident.  CPLR 3101 (a) provides that, "[g]enerally[,] [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof."  "Although the CPLR does not specifically mention the names and addresses of witnesses or create any disclosure device for obtaining such information, it is within a court's discretion to require a party to disclose the names and addresses of witnesses to transactions,

occurrence, admissions and the like . . . Thus, a party may reasonably be required to disclose the name and address of a witness whose identity it has learned in investigating a case but of whom the opposing party is ignorant" (*Hunter v Tryzbinski*, 278 AD2d 844, 844-845). Here, in view of defendants' prolonged and almost complete disregard of their pretrial disclosure obligations with regard to the identity of a known fact witness, it was reasonable for the court to preclude the individual from testifying as a fact witness.

We nevertheless conclude that it was an abuse of discretion to preclude that individual from testifying as an expert at the second trial given the timeliness and sufficiency of defendants' expert disclosure (*see Tronolone v Praxair, Inc*., 39 AD3d 1146, 1147; *Green v Kingdom Garage Corp*., 34 AD3d 1373, 1374; *cf. Maggio v Dougherty*, 130 AD3d 1446, 1446-1447). We further agree with defendants that, in reversing on the eve of the second trial its initial ruling permitting that very expert testimony, the court abused its discretion in denying defendants' request for a reasonable continuance and thereby giving them only 24 hours in which to retain a new expert, which they were unable to do in such a short time frame (*see Wai Ming Ng v Tow*, 260 AD2d 574, 574; *see also Chamberlain v Dundon* [appeal No. 2], 61 AD3d 1378, 1379; *Balogh v H.R.B. Caterers*, 88 AD2d 136, 140-141).

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court