Llanos v Casale Constr. Servs., Inc. (2020 NY Slip Op 06517)





Llanos v Casale Constr. Servs., Inc.


2020 NY Slip Op 06517


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-02781
 (Index No. 60625/17)

[*1]Liza Llanos, appellant, 
v
Casale Construction Services, Inc., etc., defendant, County of Westchester, respondent.


Pecoraro Schiesel, LLP, New York, NY (Steven Pecoraro of counsel), for appellant.
Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Karen Ondrovic of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 28, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant County of Westchester which was pursuant to CPLR 3126 to preclude the plaintiff from offering at trial the testimony of, or any evidence obtained from, two nonparty witnesses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured on the evening of February 18, 2017, when she fell in a 20-foot deep trench while walking in the parking lot at Rye Playland, an amusement park owned by the defendant County of Westchester. The plaintiff subsequently commenced this personal injury action against the County and another defendant alleging, inter alia, that the County failed to adequately barricade the work site and warn pedestrians of the dangerous condition. In a discovery demand dated March 21, 2018, the County requested, among other things, the name and address of each person claimed to be a witness to the occurrence and with respect to actual and constructive notice. Thereafter, the Supreme Court issued a compliance conference order dated April 12, 2018, inter alia, directing the plaintiff to respond to the County's discovery demands.
Between June and October 2018, the Supreme Court issued four compliance conference orders, inter alia, setting forth deadlines for the completion of nonparty depositions and service of nonparty subpoenas. At a court conference held on November 30, 2018, the parties represented to the court that all depositions had been completed. On December 12, 2018, the parties executed a trial readiness stipulation, which was so-ordered by the court on December 14, 2018, stating that all discovery is complete and all court-ordered disclosure "has been completed or waived and the matter is ready for trial."
In a letter dated December 15, 2018, the plaintiff disclosed two nonparty witnesses, Michele Davila and Sergio Davila, who allegedly observed the condition of the subject site during the afternoon on the date of the plaintiff's accident. By order to show cause dated January 7, 2019, [*2]the County moved, inter alia, pursuant to CPLR 3126 to preclude the plaintiff from introducing at trial the testimony of, or any evidence obtained from, those two nonparty witnesses. In an order dated January 28, 2019, the Supreme Court, inter alia, granted that branch of the County's motion. The plaintiff appeals.
Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d 845, 847; Williams v Suttle, 168 AD3d 792). Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed (see Madonna Mgt. Servs., Inc. v R.S. Naghavi, M.D., PLLC, 172 AD3d at 847; Williams v Suttle, 168 AD3d 792).
If a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may . . . prohibit[ ] the disobedient party . . . from producing in evidence designated things or items of testimony" (CPLR 3126[2]). Before a court invokes the drastic remedy of precluding evidence based on the failure to provide court-ordered discovery, there must be a clear showing that the failure was willful and contumacious (see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1057; Household Fin. Realty Corp. of N.Y. v Cioppa, 153 AD3d 908, 910). A party's willful and contumacious conduct may be inferred from either a repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or a failure to comply with court-ordered discovery over an extended period of time (see Bouri v Jackson, 177 AD3d 947, 949; Maliah-Dupass v Dupass, 166 AD3d 873, 875; Candela v Kantor, 154 AD3d 733, 734).
Here, we discern no improvident exercise of discretion by the Supreme Court in granting that branch of the County's motion which was pursuant to CPLR 3126 to preclude the plaintiff from introducing at trial the testimony of, or any evidence obtained from, the two subject nonparty witnesses. The court properly inferred the willful and contumacious nature of the plaintiff's conduct based on her failure to disclose the names of those witnesses—one of whom worked as a teacher at the same school as the plaintiff—until after the trial readiness stipulation was so-ordered by the court, notwithstanding the County's discovery demand and the numerous compliance conference orders directing the completion of nonparty depositions (see Slomczewski v Ross, 148 AD3d 1648, 1649; Williams v New York City Tr. Auth., 57 AD3d 975, 976). The assertion of the plaintiff's attorney that he first learned of the names of the two nonparty witnesses "two days after the [trial readiness stipulation] was submitted," was insufficient to demonstrate that it was not previously known to the plaintiff that those witnesses possessed material and necessary information to the prosecution of this action. Thus, the plaintiff failed to proffer a reasonable excuse for her failure to identify those nonparty witnesses during the discovery process (see Andujar v Benenson Inv. Co., 299 AD2d 503, 503; Masucci-Matarazzo v Hoszowski, 291 AD2d 208, 208). The plaintiff's additional contention that disclosure of the two nonparty witnesses prior to the filing of the trial readiness stipulation was unnecessary because they were not notice or occurrence witnesses is without merit (see Rizos v Galini Seafood Rest., 89 AD3d 1004, 1004-1005; Robinson v New York City Hous. Auth., 183 AD2d 434; Zayas v Morales, 45 AD2d 610, 612-613; cf. Awai v Benchmark Constr. Serv., Inc., 172 AD3d 978, 979).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the County's motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering at trial the testimony of, or any evidence obtained from, two nonparty witnesses.
DILLON, J.P., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court