Smith v Usman (2023 NY Slip Op 03879)

Smith v Usman

2023 NY Slip Op 03879

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-02523 
2020-08500
 (Index No. 502073/17)

[*1]Sarah Smith, appellant, 
v
Muhammad Usman, et al., respondents, et al., defendant.

Burns & Harris, New York, NY (Jason S. Steinberg, Judith F. Stempler, Max S. Silverberg, and Edward Lehman of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent Muhammad Usman.
Law Offices of Moira Doherty, P.C. (Katsandonis, P.C., New York, NY [Paul Catsandonis], of counsel), for respondent Antwan D. Magnum.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 6, 2020, and (2) a judgment of the same court dated November 5, 2020. The order denied the plaintiff's motion, in effect, for leave to reargue her opposition to the separate applications of the defendant Muhammad Usman and the defendant Antwan D. Magnum pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, made at the close of the plaintiff's case on the issue of liability. The judgment, upon the granting of the separate applications of the defendant Muhammad Usman and the defendant Antwan D. Magnum pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, made at the close of the plaintiff's case on the issue of liability, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Muhammad Usman and the defendant Antwan D. Magnum.
The plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained in a motor vehicle collision. Prior to the start of a jury trial on the issue of liability, the plaintiff served a subpoena ad testificandum upon the attorney for the defendant Antwan D. Magnum at the attorney's office in New Jersey. At the jury trial, Magnum did not appear personally. The Supreme Court denied the plaintiff's application to strike Magnum's answer for failing to appear at trial to testify, determining that the subpoena was not properly served.
The Supreme Court thereafter precluded the plaintiff from calling two nonparty witnesses because they were not available to testify that day and were not disclosed as witnesses during discovery. At the close of the plaintiff's case on the issue of liability, Magnum and the defendant Muhammad Usman made separate applications pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The court granted the applications and thereafter entered a judgment in favor of Usman and Magnum and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The plaintiff appeals. We affirm, albeit, in part, on grounds different from those relied upon by the Supreme Court.
Contrary to the Supreme Court's determination at trial, the plaintiff was permitted to serve Magnum's attorney with the subpoena (see id. §§ 2103[b]; 2303-a). However, the plaintiff failed to serve the subpoena upon Magnum or his attorney in New York State and instead improperly effected service outside the state (see Matter of Stephen, 239 AD2d 963, 963; Siemens & Halske, GmbH. v Gres, 37 AD2d 768). The plaintiff therefore failed to serve the subpoena upon Magnum, warranting the denial of her application to strike Magnum's answer for failing to appear at trial to testify.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in precluding the plaintiff from calling nonparty witnesses whom she had previously failed to identify as witnesses during the discovery process and who were unavailable to testify on the day of the trial (see Llanos v Casale Constr. Servs., Inc., 188 AD3d 864, 866; Williams v New York City Tr. Auth., 57 AD3d 975, 976).
The parties' remaining contentions are without merit.
DILLON, J.P., MALTESE, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court