Matter of SRW Equities, LLC v Nussen (2023 NY Slip Op 05507)

Matter of SRW Equities, LLC v Nussen

2023 NY Slip Op 05507

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-03505
 (Index No. 509904/19)

[*1]In the Matter of SRW Equities, LLC, et al., respondents, 
v
Michael Nussen, et al., appellants.

Storch Law, P.C., Brooklyn, NY (Zvi A. Storch of counsel), for appellants.
Law Office of Samuel Katz PLLC (Goldberg Weprin Finkel Goldstein LLP, New York, NY [Kevin J. Nash], of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated April 17, 2019, Michael Nussen and Jade USA, Inc., appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 20, 2020. The order, insofar as appealed from, in effect, upon reargument, adhered to a determination in an order of the same court dated August 30, 2019, denying that branch of the motion of Michael Nussen and Jade USA, Inc., which was for leave to serve and file an answer pursuant to CPLR 404(a).
ORDERED that the order dated February 20, 2020, is affirmed insofar as appealed from, with costs.
The petitioners commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated April 17, 2019, which was in favor of the petitioners and against Michael Nussen and Jade USA, Inc. (hereinafter together the appellants). The appellants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the petition or, alternatively, for leave to serve and file an answer pursuant to CPLR 404(a). By order dated August 30, 2019, the Supreme Court granted the petition and denied the motion. Thereafter, the appellants made a motion, denominated as one for leave to reargue and renew that branch of their prior motion which was for leave to serve and file an answer pursuant to CPLR 404(a). By order dated February 20, 2020, the court treated the motion as one for leave to reargue, and, in effect, granted reargument, and upon reargument, adhered to its determination denying that branch of the appellants' prior motion. This appeal ensued from the order dated February 20, 2020.
The Supreme Court properly treated the appellants' motion as one for leave to reargue, since it was not based upon "new facts," and they did not offer a reasonable justification for the failure to present such facts in support of their prior motion (id. § 2221[e]; see HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914, 918; Lancer Ins. Co. v Cortes, 208 AD3d 1176, 1179). Furthermore, as the court reviewed the merits of the appellants' contentions on their motion for leave to reargue, the court, in effect, granted reargument and, upon reargument, adhered to its original determination (see Robert v Azoulay Realty Corp., 209 AD3d 781, 784; Nationstar Mtge., LLC v Sim, 197 AD3d 1178, 1179; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). Therefore, contrary to the petitioners' contention, the portion of the order dated February 20, 2020, [*2]which was made, in effect, upon reargument, is appealable (see Robert v Azoulay Realty Corp., 209 AD3d at 784; Nationstar Mtge., LLC v Sim, 197 AD3d at 1179; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d at 806).
Upon, in effect, reargument, the Supreme Court properly adhered to its determination in the order dated August 30, 2019, denying that branch of the appellants' prior motion which was for leave to serve and file an answer pursuant to CPLR 404(a). Leave to submit an answer following the denial of a motion to dismiss a special proceeding is discretionary (see id.; Matter of Dodge, 25 NY2d 273, 286-287), and the court providently exercised its discretion by, in effect, adhering to its determination denying that branch of the prior motion under the circumstances (see Matter of Dodge, 25 NY2d at 286-287; Matter of Ford v Pulmosan Safety Equip. Corp., 52 AD3d 710, 711; Matter of Huber v Mones, 235 AD2d 421, 422).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.

2020-03505 DECISION & ORDER ON MOTION
In the Matter of SRW Equities, LLC, et al.,
respondents, v Michael Nussen, et al., appellants.
(Index No. 509904/19)

Cross-motion by the respondents to dismiss an appeal from an order of the Supreme Court, Kings County, dated February 20, 2020, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated July 2, 2021, the cross-motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross-motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the cross-motion is denied.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court