Tulino v Raza
2026 NY Slip Op 03998
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nicoletta Tulino, etc., appellant,
v
Azra Raza, etc., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2021-09360, 2021-09436, 2022-00278, (Index No. 512586/16)
Mark C. Dillon, J.P.
Lara J. Genovesi
Donna-Marie E. Golia
Phillip Hom, JJ.

Norman A. Olch, New York, NY, for appellant.
Federico Schwartz Merolesi & Lyddane, LLP, New York, NY (Daniel G. Federico of counsel), for respondents Azra Raza and New York and Presbyterian Hospital, sued herein as Columbia University Medical Center.
Vaslas Lepowski & Hauss LLP, Staten Island, NY (William F. Mastro of counsel) for respondents Frederick Rapoport, William Mandell, Marie Dy-Guillaume, and Jason M. Bratcher.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey and Jacob Bentley of counsel), for respondents Asaf Asi Gave, Jorg J. Ruhe, Vladimir Rubinshteyn, and Beth Israel Medical Center.
Harris Beach Murtha, New York, NY (Svetlana K. Ivy, Pamela B. Goldsmith, and Brian Ginsburg of counsel), for defendant Justin Steele.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an amended judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), dated November 19, 2021, (2) an amended judgment of the same court dated November 22, 2021, and (3) an amended judgment of the same court dated January 13, 2022. The amended judgment dated November 19, 2021, upon an order of the same court dated March 25, 2021, among other things, granting the motion of the defendants Azra Raza and New York and Presbyterian Hospital, sued herein as Columbia University Medical Center, pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and upon an order of the same court dated October 25, 2021, inter alia, denying that branch of the plaintiff's motion which was for leave to renew her opposition to those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and, in effect, upon reargument, adhering to the original determination in the order dated March 25, 2021, granting those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The amended judgment dated November 22, 2021, upon the order dated March 25, 2021, among other things, granting the motion of the defendants Asaf Asi Gave, Jorg J. Ruhe, Vladimir Rubinshteyn, and Beth Israel Medical Center pursuant to CPLR 3126 to dismiss the [*2]complaint insofar as asserted against them, and upon the order dated October 25, 2021, inter alia, denying that branch of the plaintiff's motion which was for leave to renew her opposition to those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and, in effect, upon reargument, adhering to the original determination in the order dated March 25, 2021, granting those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants. The amended judgment dated January 13, 2022, upon the order dated March 25, 2021, among other things, granting the motion of the defendants Frederick Rapoport, William Mandell, Marie Dy-Guillaume, and Jason M. Bratcher pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and upon the order dated October 25, 2021, inter alia, denying that branch of the plaintiff's motion which was for leave to renew her opposition to those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them and, in effect, upon reargument, adhering to the original determination in the order dated March 25, 2021, granting those defendants' prior motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against those defendants.
ORDERED that the amended judgments are affirmed, with one bill of costs awarded to the respondents appearing separately and filing separate briefs.
The plaintiff, individually and as executor of the estate of the decedent, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. Subsequently, the defendants Azra Raza and New York and Presbyterian Hospital, sued herein as Columbia University Medical Center, the defendants Asaf Asi Gave, Jorg J. Ruhe, Vladimir Rubinshteyn, and Beth Israel Medical Center, and the defendants Frederick Rapoport, William Mandell, Marie Dy-Guillaume, and Jason M. Bratcher (hereinafter collectively the moving defendants) separately moved pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them for the plaintiff's failure to comply with the Supreme Court's orders and to respond to the moving defendants' separate discovery demands. In an order dated March 25, 2021, the Supreme Court, among other things, granted the moving defendants' separate motions. The plaintiff moved for leave to renew and reargue her opposition to the moving defendants' separate prior motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them. In an order dated October 25, 2021, the court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew and, in effect, granted reargument and, upon reargument, in effect, adhered to its original determination in the order dated March 25, 2021, granting the moving defendants' separate prior motions.
Thereafter, an amended judgment dated November 19, 2021, upon the orders dated March 25, 2021, and October 25, 2021, was entered in favor of Raza and New York and Presbyterian Hospital, sued herein as Columbia University Medical Center, and against the plaintiff dismissing the complaint insofar as asserted against Raza and New York and Presbyterian Hospital, sued herein as Columbia University Medical Center. An amended judgment dated November 22, 2021, upon the orders, was entered in favor of Gave, Ruhe, Rubinshteyn, and Beth Israel Medical Center and against the plaintiff dismissing the complaint insofar as asserted against Gave, Ruhe, Rubinshteyn, and Beth Israel Medical Center. An amended judgment dated January 13, 2022, upon the orders, was entered in favor of Rapoport, Mandell, Dy-Guillaume, and Bratcher and against the plaintiff dismissing the complaint insofar as asserted against Rapoport, Mandell, Dy-Guillaume, and Bratcher. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Mooklal v Clermont Farm Corp., 187 AD3d 740, 741 [internal quotation marks omitted]; see Matter of Polak v MTA Long Is. R.R., 230 AD3d 500, 503). [*3]"Moreover, the Supreme Court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Deutsche Bank Natl. Trust Co. v Sylvestre, 238 AD3d 980, 983 [internal quotation marks omitted]; see Castor v Cuevas, 137 AD3d 734, 734). "What constitutes a reasonable justification . . . is within the discretion of the Supreme Court" (JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 795; see Deutsche Bank Natl. Trust Co. v Sylvestre, 238 AD3d at 983). However, "[t]he Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion" (Neeman v Smith, 227 AD3d 818, 820; see Deutsche Bank Natl. Trust Co. v Sylvestre, 238 AD3d at 983). Here, the plaintiff did not offer a reasonable justification for failing to offer the purported new facts in her opposition to the moving defendants' separate prior motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them (see Deutsche Bank Natl. Trust Co. v Sylvestre, 238 AD3d at 983; Neeman v Smith, 227 AD3d at 820). Moreover, consideration of the purported new facts would not have changed the Supreme Court's original determination granting the moving defendants' separate prior motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them (see Matter of Dziubkowski, 179 AD3d 918, 919). Accordingly, the court properly denied that branch of the plaintiff's motion which was for leave to renew.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). No appeal lies from an order denying reargument (see Rivera v Sik Leung Kei, 235 AD3d 916, 918; Hart v Hart, 224 AD3d 671, 672). However, once the court reviews the merits of the movant's arguments, the court, by doing so, has granted reargument, and must determine whether to adhere to the original determination, or alter the original determination (see Matter of SRW Equities, LLC v Nussen, 221 AD3d 607, 608). An order granting reargument and adhering to the original determination supersedes the order making the original determination (see Maher v WP Galleria Realty, LP, 241 AD3d 813, 814; Henegar v Freudenheim, 40 AD2d 825, 826) and is appealable (see Matter of SRW Equities, LLC v Nussen, 221 AD3d at 608; Matter of Mattie M. v Administration for Children's Servs., 48 AD3d 392, 393).
Here, as the Supreme Court reviewed the merits of the plaintiff's contentions on her motion, among other things, for leave to reargue, the court, in effect, granted reargument and, upon reargument, in effect, adhered to its original determination granting the moving defendants' separate prior motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them (see Matter of SRW Equities, LLC v Nussen, 221 AD3d at 608). Notably, the plaintiff was represented by an attorney, who made the motion, inter alia, for leave to reargue. The order dated October 25, 2021, wherein the court, among other things, in effect, granted reargument and, upon reargument, in effect, adhered to that original determination, superseded the order dated March 25, 2021 (see Maher v WP Galleria Realty, LP, 241 AD3d at 814; Henegar v Freudenheim, 40 AD2d at 826). Thus, the plaintiff's contention, raised for the first time on appeal, that the court erred in deciding the moving defendants' separate prior motions because the plaintiff, in her capacity as the executor of the estate of the decedent, was pro se because her counsel was relieved of representing the estate after the moving defendants filed their respective motions and before her opposition was filed (see generally Martins v Liu, 216 AD3d 762), is without merit because the plaintiff was represented by counsel on the motion, inter alia, for leave to reargue.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019 [internal quotation marks omitted]; see Muhammad v Ramadan, 228 AD3d 675, 675). "Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see Preferred Westchester Props., Inc. v Fay Realty, LLC, 226 AD3d 835, 836). "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading or the alternative [*4]remedy of precluding evidence should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Cap Rents Supply, LLC v Durante, 167 AD3d 700, 702; see Edwards v Freedom Church of Revelation, 230 AD3d 740, 741). "A party's willful and contumacious conduct may be inferred from either a repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or a failure to comply with court-ordered discovery over an extended period of time" (Llanos v Casale Constr. Servs., Inc., 188 AD3d 864, 865; see Ferjuste v 437 BMW, LLC, 219 AD3d 1308, 1309).
The Supreme Court, in effect, upon reargument, properly adhered to its original determination granting the moving defendants' separate prior motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them. The plaintiff's willful and contumacious conduct can be inferred from her repeated failures over an extended period of time to comply with court-ordered discovery and discovery demands and to respond to the moving defendants' separate demands for discovery without an adequate excuse (see Muhammad v Ramadan, 228 AD3d at 676; Morales v Valeo, 218 AD3d 676, 678).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court