■ JAMES M. GARDNER, Respondent, v. FYR-FYTER COMPANY, INC., Appellant, and STOP-FIRE, INC., Respondent. (Appeal No. 1.) — Order unanimously affirmed, with costs. Memorandum: In affirming Special Term's denial of appellant's motion for summary judgment, we note that upon this record there are substantial issues of fact bearing on the question of the proper characterization of the transactions between New York Trap Rock Corporation and appellant's predecessor Fire Equipment Manufacturing Corporation (Fire Equipment). In form the transaction was a purchase of assets by Fire Equipment without the assumption of liabilities. Plaintiff-respondent Gardner alleges, however, that regardless of the form, the transaction was in fact and substance a merger with a concomitant assumption of liabilities (see Business Corporation Law, § 906, subd. [b], par. [3]). Although a purchase of assets may ordinarily be arranged so as to insulate the purchaser from the seller's liabilities, the purchase must be for fair consideration and undertaken in good faith as a bona fide transaction (*Male* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 230 N. Y. 158, 164; *Cole* v. *Millerton Iron Co.*, 133 N. Y. 164). Here there are factual issues which preclude the granting of summary judgment. (Appeal from order of Allegany Special Term denying motion for summary judgment.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.

■ JAMES M. GARDNER, Plaintiff, v. FYR-FYTER COMPANY, INC., et al., Defendants. STOP-FIRE, INC., Third-Party Plaintiff-Respondent, v. FIRE EQUIPMENT MANUFACTURING CORP. et al., Third-Party Defendants, and FYR-FYTER COMPANY et al., Third-Party Defendants-Appellants. (Appeal No. 2.) — Order unanimously affirmed, with costs. Memorandum: Appellant-third-party-defendant Old Mill Road Corporation (Old Mill) was dissolved on August 8, 1967 in accordance with article 10 of the Business Corporation Law. Thereafter, on October 29, 1968, Rockland County Special Term granted Old Mill's petition for an order pursuant to section 1008 of the Business Corporation Law confirming the dissolution; approving Old Mill's notice to creditors and claimants, barring all claims against Old Mill except those shown in the petition, and directing distribution of Old Mill's remaining assets (except a small amount for certain claims and expenses of winding-up) to the shareholders. Respondent-third-party-plaintiff Stop-Fire Inc. (Stop-Fire) was sued in Allegany County Supreme Court on September 25, 1967 for damages sustained by the plaintiff John Gardner when a fire extinguisher assembled and/or distributed by Stop-Fire exploded. The case was still pending in April, 1972 when, in the wake of

*Dole* v. *Dow Chem. Corp.* (30 N Y 2d 143), Stop-Fire brought a third-party action against Old Mill and the other appellants alleging that appellants had supplied a defective design for the extinguisher and were negligent in failing to conduct a recall of the defective product. Old Mill moved in Allegany County Special Term to dismiss the complaint on the ground that the claim was barred by the prior order confirming Old Mill's dissolution. Subdivision (b) of section 1007 of the Business Corporation Law provides that the bar does not extend to " claims which are the subject of litigation " on the date of the first publication of notice of dissolution. Special Term, relying upon this language, found that at the critical time the claim was "the subject of litigation" in the form of Gardner's suit against Stop-Fire and was accordingly not barred. In our view, a reasonable construction of subdivision (b) of section 1007 requires that the dissolved corporation be a party to any litigation relied upon as preserving claims against it. To read the provision otherwise would permit claims, unknown to the parties interested in the dissolution, to proceed collaterally only to ripen later into claims against the dissolved corporation. Such would inject a substantial degree of uncertainty into the otherwise orderly process of court supervised dissolution and liquidation envisioned in sections 1007 and 1008 of the Business Corporation Law. We, nevertheless, affirm Special Term's determination, since pursuant to subdivision (b) of section 1007 it has the discretionary power to " allow [claims] against any remaining assets of the corporation in the case of a creditor who shows satisfactory reason for his failure to file his claim ". Here we consider Stop-Fire's reason satisfactory because its claim against Old Mill was not cognizable until the *Dole* decision permitted an actively negligent party to seek apportionment of damages by way of an impleader action against another negligent party. Finally, we note that the statute establishes as the proper venue for proceeding, in connection with a court supervised dissolution, the counties within the judicial district in which the dissolved corporation had its main office (Business Corporation Law, § 1008). Stop-Fire should have proceeded in that judicial district for leave to file its claim and the matter could thereafter be consolidated with the ongoing actions in Allegany County for determination of the liability issues, leaving for the court in Rockland County the ultimate determination of the extent, if any, a judgment against Old Mill would or could be satisfied out of the then-existing assets. Nonetheless, to require Stop-Fire to proceed in that manner at this time would only add to the substantial delay which the plaintiff Gardner has already experienced as a result of the problems created by the multiple and complex transactions involving all other parties. (Appeal from order of Allegany Special Term denying motion to dismiss third-party complaint.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.