■ ALBER INVESTMENT COMPANY, Appellant, v CHATSWORTH REALTY CORPORATION et al., Respondents, et al., Defendants.— Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 31, 1991, which denied plaintiff's motion to dismiss the affirmative defenses of defendants Joseph Gold-man and Chatsworth Realty, and granted defendants' motion for leave to serve an amended answer setting forth additional affirmative defenses, unanimously affirmed, without costs.

Dismissal of defendants' first affirmative defense was prop-erly denied since it cannot be concluded as a matter of law that the order appointing Wolsky as receiver of Chatsworth Realty Corporation relieved Wolsky of the obligation of obtain-ing court approval of the terms and conditions of the mort-gage of the subject property to plaintiff (Business Corporation Law § 1206 [b] [2]).

Defendants' second affirmative defense was not subject to

dismissal since the enforceability of the mortgage was placed in doubt by defendants' allegations that Wolsky failed to maintain books and records of all moneys received and expended by him and failed to file with the court annual accountings of the assets received and payments made during his tenure as receiver.

Leave was properly granted to serve an amended answer to interpose additional affirmative defenses (CPLR 3025 [b]). That the information defendants relied on to support the proposed amendment was available to them for quite some time is not a bar to the proposed amendment in the absence of prejudice to plaintiff *(see, Rutz v Kellum,* 144 AD2d 1017, 1018). Concur— Carro, J. P., Kupferman, Ross and Asch, JJ.