■ JUAN FERNANDEZ, Respondent, v J. KINSEY et al., Appellants. [613 NYS2d 894] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about October 8, 1993, which, insofar as appealed from, denied defendant's motion to dismiss the complaint for lack of personal jurisdiction and granted plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.

The IAS Court correctly held that the error in defendant's notice of dissolution under Business Corporation Law § 1007, in which another, undissolved corporation was named instead of defendant, rendered the notice ineffective to limit defendant's liability to claims brought within the prescribed period, and that defendant, even though dissolved and its assets distributed, can therefore be sued in connection with claims, such as this, that arose prior to its dissolution (Business Corporation Law § 1006 [a] [4]; *see, Independent Investor Protective League v Time, Inc.,* 50 NY2d 259, 262-263). We also agree with the IAS Court that to allow amendment of the complaint to allege continuing exposure to lead based paint subsequent to the initial ingestion would cause defendant no prejudice, mere delay being no reason to deny a pleading amendment *(see, Alber Inv. Co. v Chatsworth Realty Corp.,* 186 AD2d 92, 93), and the action being in the early stages of disclosure *(see, Seda v New York City Hous. Auth.,* 181 AD2d 469, *lv denied* 80 NY2d 759). Concur—Sullivan, J. P., Rosenberger, Williams and Tom, JJ.