■ Zvia Gutman, Appellant, v Club Mediterranee International, Inc., et al., Respondents. [630 NYS2d 343] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered December 2, 1992, as granted the branch of the defendants' motion which was to dismiss the

complaint for lack of personal jurisdiction insofar as it is asserted against Club Med, Inc., and (2) by permission, from so much of the same order as directed a hearing on the branch of the defendants' motion which was to dismiss the complaint on the grounds of improper service insofar as it is asserted against Club Med Management Services, B.V.

Ordered that the order is reversed insofar as appealed from, with costs, the branch of the motion which was to dismiss the complaint insofar as it is asserted against the defendant Club Med Management Services, B.V., is denied and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith on that branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Club Med, Inc.

In 1985 the plaintiff was allegedly injured while skiing at a Club Med resort in Tigne Val Claret, France. In 1988 the plaintiff commenced an action against various Club Med corporate entities by delivery of the summons and complaint to the New York Secretary of State. The defendants moved, *inter alia,* to dismiss the complaint against one of these entities, Club Med Management Services, B.V. (hereinafter CMMS), on the ground of improper service, alleging that CMMS had been dissolved prior to the commencement of this lawsuit. The Supreme Court directed that a hearing be held on this branch of the motion stating that it was "puzzled by the contradictory allegations" of the parties regarding whether CMMS had been dissolved in 1987.

The fact that CMMS may have been dissolved in 1987—two years after the plaintiff's accident in 1985—does not affect "any * * * claim existing or any liability incurred before such dissolution" (Business Corporation Law § 1006 [b]). Therefore, since the plaintiff's cause of action arose before the purported dissolution of CMMS, and since CMMS does not deny that it received service of process from the Secretary of State, the plaintiff met her burden of establishing that personal jurisdiction had been acquired over CMMS. Consequently, there was no reason to hold a hearing concerning service and the motion to dismiss should have been denied *(cf., Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 139).

Conversely, we find that a hearing should be held with regard to that branch of the defendants' motion which was to dismiss the complaint insofar as it is asserted against the defendant Club Med, Inc. (hereinafter CMI) on the ground that the plaintiff failed to serve CMI. The defendants do not dispute that effective service of process was made upon the defendant

Club Mediterranee International, and the plaintiff alleges that the records of the Secretary of State indicate that Club Mediterranee International is the former corporate name of CMI. Accordingly, the plaintiff concludes that her action against CMI should not be dismissed or otherwise abate simply because service upon CMI was made upon that entity's former corporate identity (see, Business Corporation Law § 806 [b] [5]). Inasmuch as the defendants' corporate history is quite convoluted involving a myriad of similar-name changes, and in light of the fact that the defendants cryptically admit that Club Mediterranee International ultimately became Club Med Sales, Inc. "after other name changes in the interim", there remains a question of fact as to whether CMI was ever known by the name Club Mediterranee International. Therefore, a hearing is necessary in order to determine whether the plaintiff's service upon Club Mediterranee International was sufficient to acquire personal jurisdiction over CMI pursuant to Business Corporation Law § 806 (b) (5). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.