■ In the Matter of TARGEE STREET INTERNAL MEDICINE GROUP P.C. PROFIT SHARING TRUST, Respondent, v NATIONWIDE ASSOCIATES, INC., Appellant, and PARISI ENTERPRISES, INC., PROFIT SHARING TRUST, et al., Respondents. (Proceeding No. 1.) In the Matter of PARISI ENTERPRISES, INC., PROFIT SHARING TRUST, Respondent, v̇ TARGEE STREET INTERNAL MEDICINE GROUP P.C. PROFIT SHARING TRUST et al., Respondents, and NATIONWIDE ASSOCIATES, INC., Appellant. (Proceeding No. 2.) [751 NYS2d 861] —In two related proceedings pursuant to CPLR article 75, the appeal is from (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated July 11, 2000, which granted the petitions (one in each proceeding) to confirm so much of an arbitration award as was in favor of each petitioner and against Nationwide Associates, Inc., and denied the separate cross motions of Nationwide Associates, Inc. (one in each proceeding), inter alia, to dismiss the petitions for lack of personal jurisdiction, (2) an order of the same court, dated October 31, 2000, which denied the motion of Nationwide Associates, Inc., in effect, for leave to reargue, and (3) a judgment of the same court, entered January 3, 2001, which confirmed the arbitration award.

Ordered that the appeals from the orders dated July 11, 2000, and October 31, 2000, are dismissed; and it is further,

Ordered that the judgment is affirmed; and it further,

Ordered that one bill of costs is awarded to the petitioners-respondents.

The appeal from the order dated October 31, 2000, must be dismissed on the ground that no appeal lies from an order denying reargument.

The appeal from the intermediate order dated July 11, 2000,

must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceedings (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The branch of the appellant's cross motion which was to dismiss the petition to confirm so much of an arbitration award in favor of the petitioner in Proceeding No. 1 on the ground of lack of personal jurisdiction was properly denied, as service was effected in the manner specified in the order to show cause (*see* CPLR 403 [d]).

The branch of the appellant's separate cross motion which was to dismiss Proceeding No. 2 on the ground of lack of personal jurisdiction was properly denied. Service upon the appellant was sufficient, as there was evidence that a person authorized to accept service (*see* CPLR 311 [a] [1]) resisted service. Further, attempts to complete service on an officer, director, manager, or agent of the appellant were diligent (*cf. Bossuk v Steinberg,* 58 NY2d 916; *Austrian Lance & Stewart v Rockefeller Ctr.,* 163 AD2d 125).

As the issue of punitive damages was raised for the first time in the motion to reargue and was not raised in the appellant's cross motions to dismiss, the issue of the propriety of the award of punitive damages is not properly before this Court.

The appellant's contention that it was denied an opportunity to answer the petitions is also without merit. Leave to submit an answer following denial of a motion to dismiss a special proceeding is discretionary (*see* CPLR 404 [a]), and the Supreme Court providently exercised its discretion (*see Matter of Dodge,* 25 NY2d 273, 276-277; *Matter of Foley,* 140 AD2d 892, 893).

The appellant's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.