In the Matter of BRYANT ELBERT FORD et al., Respondents, v PULMOSAN SAFETY EQUIPMENT CORPORATION, Appellant. CLEMCO INDUSTRIES CORPORATION et al., Intervenors-Respondents. [862 NYS2d 56]—

In a proceeding pursuant to Business Corporation Law § 1008 to determine whether certain claims are barred by the dissolution of Pulmosan Safety Equipment Corporation, Pulmosan Safety Equipment Corporation appeals from (1) a decision of the Supreme Court, Queens County (Kelly, J.), dated October 23, 2006, (2) an order of the same court entered December 1, 2006, which denied its motion to dismiss the petition, and (3) a judgment of the same court dated November 22, 2006, which, upon the order, inter alia, suspended the dissolution of Pulmosan Safety Equipment Corporation as to those claimants who first used its products prior to the filing of the certificate of dissolution on August 1, 1986, and as to those with cross claims for indemnification or contribution arising out of these claims.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioners-respondents and the intervenors-petitioners-respondents, appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Contrary to the contention of Pulmosan Safety Equipment Corporation (hereinafter Pulmosan), the Supreme Court acted within its authority pursuant to Business Corporation Law

§ 1008 (a) in suspending Pulmosan's dissolution as to, inter alia, those claimants who first used its products prior to the filing of the certificate of dissolution on August 1, 1986. The relief granted did not constitute an impermissible advisory opinion.

A dissolved corporation may sue or be sued (*see* Business Corporation Law § 1008 [a] [4]). Its dissolution "shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution, except as provided in sections 1007 . . . or 1008" (Business Corporation Law § 1006 [b]). The Supreme Court correctly concluded that the claims in issue were not barred by Business Corporation Law §§ 1007 or 1008. Pulmosan failed to submit evidence in admissible form that it complied with the mailing requirements of Business Corporation Law § 1007 (a) and, in any event, the claimants who were injured prior to dissolution but did not manifest any symptoms of injury had a satisfactory reason for their failure to file claims as provided in Pulmosan's notice pursuant to Business Corporation Law § 1007 (*see* Business Corporation Law § 1007 [b]; *Gardner v Fyr-Fyter Co.*, 47 AD2d 591 [1975]). For purposes of Business Corporation Law § 1006 (b), liability was incurred when the claimants first used Pulmosan's safety equipment (*see Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243 [2007]; *Larroca v Royal Assoc.*, 289 AD2d 537 [2001]).

The Supreme Court providently exercised its discretion in denying Pulmosan's application for leave to submit an answer following the court's denial of Pulmosan's motion to dismiss (*see* CPLR 404 [a]; *Matter of Targee St. Internal Medicine Group P.C. Profit Sharing Trust v Nationwide Assoc.*, 300 AD2d 497, 498 [2002]; *Matter of Huber v Mones*, 235 AD2d 421, 422 [1997]).

The appellants remaining contentions are without merit. Fisher, J.P., Balkin, Belen and Chambers, JJ., concur. [*See* 13 Misc 3d 1242(A), 2006 NY Slip Op 52292(U).]