■ MMI Trading, Inc., Appellant, v Nathan H. Kelman, Inc., et al., Respondents. [989 NYS2d 911]—

In an action to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), entered October 1, 2013, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, for a determination of that branch of the defendants' motion which was pursuant to CPLR 510 (3) to change venue from Nassau County to Albany County.

The plaintiff was incorporated in 2003. Both the plaintiff and the defendants were in the business of scrap metal recycling and entered into two agreements, on or about June 18, 2009, and August 5, 2009, respectively, pursuant to which the defend-

ants agreed to sell and ship certain scrap metal to the plaintiff for subsequent export to the plaintiff's customer in India. Sometime in early October 2009, after the containers shipped by the defendants had arrived in India, the plaintiff notified the defendants that it deemed the delivered goods to be nonconforming.

One year later, by Proclamation/Annulment of Authority dated October 27, 2010 (hereinafter the October 2010 proclamation), the New York Secretary of State dissolved the plaintiff on the ground that the plaintiff had failed to pay its franchise taxes. Subsequently, in April 2013, the plaintiff commenced this action against the defendants in the Supreme Court, Nassau County, to recover damages for fraud and breach of contract. In July 2013, the defendants moved pursuant to CPLR 3211 (a) (3) to dismiss the complaint on the ground that the plaintiff did not have the legal capacity to commence this action, or alternatively, pursuant to CPLR 510 (3) to change venue from Nassau County to Albany County.

The Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint, and did not reach the alternative branch of the defendants' motion which was pursuant to CPLR 510 (3) to change venue from Nassau County to Albany County. We reverse and remit the matter to the Supreme Court, Nassau County, for a determination of that branch of the defendants' motion which was to change venue.

Pursuant to Tax Law § 203-a, a corporation can be dissolved by proclamation of the Secretary of State for failure to pay its franchise taxes. A dissolved corporation may not carry on new business (see Business Corporation Law § 1005 [a] [1]) and no longer has the right to commence an action in the courts of this State, except in specific circumstances permitted by statute (see De George v Yusko, 169 AD2d 865, 867 [1991]; Lorisa Capital Corp. v Gallo, 119 AD2d 99, 109 [1986]). Business Corporation Law § 1006 provides, in relevant part, that a dissolved corporation "may continue to function for the purpose of winding up the affairs of the corporation . . . The dissolution of a corporation shall not affect any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred before such dissolution, except as provided in sections 1007 . . . or 1008."

A corporation therefore "continues to exist after dissolution for the winding up of its affairs, and a dissolved corporation may sue or be sued on its obligations, including contractual obligations and contingent claims, until its affairs are fully

adjusted" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 661 [2009]; *see Wells v Ronning*, 269 AD2d 690, 692 [2000]; *Matter of Rodgers v Logan*, 121 AD2d 250, 253 [1986]). The Business Corporation Law requires that the claim was to have existed before dissolution (*see Matter of Ford v Pulmosan Safety Equip. Corp.*, 52 AD3d 710, 711 [2008]; *Gutman v Club Mediterranee Intl.*, 218 AD2d 640, 641 [1995]).

Here, the plaintiff's claims against the defendants were existing as of October 2009 when the plaintiff notified the defendants that it had deemed the goods they had sent to be nonconforming. Thus, although the plaintiff had been dissolved by the October 2010 proclamation, it had retained the capacity to maintain this action against the defendants to adjudicate its pre-dissolution claims (*see* Business Corporation Law § 1006 [b]; *Moran Enters., Inc. v Hurst*, 66 AD3d 972, 975 [2009]; *Matter of Rodgers v Logan*, 121 AD2d at 253). Moreover, the 2½ years between the time of the plaintiff's dissolution and the filing of the complaint was still a reasonable time period under the circumstances of this case, including the fact that the claims against the defendants accrued prior to the dissolution (*cf. Lance Intl., Inc. v First Natl. City Bank*, 86 AD3d 479, 480 [2011]; *Moran Enters., Inc. v Hurst*, 66 AD3d at 973-975).

The Supreme Court did not reach that branch of the defendants' motion which was pursuant to CPLR 510 (3) to change venue from Nassau County to Albany County since it had granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint. However, in light of this Court's determination, the matter must be remitted to the Supreme Court, Nassau County, for a determination of that branch of the defendants' motion which was to change venue. Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.