■ FAN-DORF PROPERTIES, INC., et al., Appellants, v CLASSIC BROWNSTONES UNLIMITED, LLC, et al., Defendants, and CATHAY BANK, Respondent. [36 NYS3d 655]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 7, 2015, which denied plaintiffs' motion for leave to renew defendant Cathay Bank's CPLR 3211 (a) (3) motion to dismiss the complaint for lack of capacity to sue, unanimously reversed, on the law, without costs, the motion to renew granted, and, upon renewal, the motion to dismiss denied.

In 1974, plaintiff Fan-Dorf Properties, Inc. (Fan-Dorf) acquired title to the property located at 15 West 129th Street. In 1993, Fan-Dorf was dissolved by proclamation of the Secretary of State for failure to pay New York State franchise taxes, pursuant to Tax Law § 203-a. In 1999, its owner,

Randolph Adamson, passed away. In October 2000, a deed was recorded transferring the property to defendant 15 West 129th Street Corp. (15 West). Between 2001 and 2006, the property was transferred several times, with defendant Classic Brownstones Unlimited, LLC (Classic) being the most recent owner. Defendant Cathay Bank holds two mortgages totaling about $900,000, pursuant to mortgage loans to Classic. Fan-Dorf and plaintiff Michael Adamson as administrator of Randolph Adamson's estate claim that the October 2000 deed transferring the property was forged.

Thus, in October 2010, plaintiffs commenced this action against 15 West and Classic, seeking to quiet title to the property. In October 2014, they amended the complaint to add Cathay Bank as a defendant. In December 2014, Cathay Bank moved to dismiss the complaint as against it under CPLR 3211 (a) (3), contending that Fan-Dorf lacked capacity to maintain the action because it had been dissolved as of 1993. By order entered on or about March 13, 2015, the motion court granted the motion. However, three days later, Fan-Dorf received from the Department of Taxation and Finance a "Consent to Reinstatement" and "Certificate of Consent," pursuant to Tax Law § 203-a (7). Based on this, plaintiffs moved for renewal under CPLR 2221 (e), arguing that the consent to reinstatement revived the corporation as if the dissolution had never occurred and, therefore, Fan-Dorf had capacity to maintain the present action.

Plaintiffs are entitled to renewal. The consent to reinstatement constitutes new facts unavailable at the time of the initial motion (*see* CPLR 2221 [e] [2], [3]).

Although we have rejected interpretations of Tax Law § 203-a (7) that would result in extensions of limitation periods (*see e.g. Matter of Lewis v Schwartz*, 119 AD2d 116, 119-121 [1st Dept 1986]), those decisions are irrelevant here because of the Court of Appeals' decision in *Faison v Lewis* (25 NY3d 220 [2015]). In *Faison*, the Court of Appeals held unequivocally that a forged deed, such as plaintiff claims exists here, is void ab initio, and is not subject to the statute of limitations. The *Faison* decision changed the law when it eliminated the statute of limitations, in effect modifying our decision in a previous appeal in this case (*Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC*, 103 AD3d 589 [1st Dept 2013]).

Nonetheless, plaintiffs may not maintain this action under Business Corporation Law § 1006 (b). The statute provides that "[t]he dissolution of a corporation shall not affect any remedy available to or against such corporation . . . for any

right or claim existing or any liability incurred before such dissolution." However, plaintiffs' claim against Cathay Bank did not exist before Fan-Dorf's dissolution, since the alleged fraudulent conveyance did not occur until seven years thereafter (*see MMI Trading, Inc. v Nathan H. Kelman, Inc.*, 120 AD3d 478, 480 [2d Dept 2014]). Concur—Mazzarelli, J.P., Renwick, Moskowitz, Gische and Gesmer, JJ.