## 558 Seventh Ave Corp. v Times Sq Photo, Inc.

2024 NY Slip Op 33273(U)

September 17, 2024

Supreme Court, New York County

Docket Number: Index No. 653090/2020

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. EMILY MORALES-MINERVA**                PART                42M

*Justice*

-------------------------------------------------------------------X

558 SEVENTH AVE CORP., TWO LIONS CAPITAL LLC,
200 WEST 40, LLC AS TENANTS IN COMMON

                             Plaintiffs,

                    - v -

TIMES SQ PHOTO, INC., and RAYMOND SAKA,

                        Defendants.

-------------------------------------------------------------------X

| INDEX NO. | 653090/2020 |
|---|---|
| MOTION DATE | 02/12/2024, 03/08/2024 |
| MOTION SEQ. NOs. | 004 & 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 181, 182

were read on this motion to/for                JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 179, 180, 183, 184, 185

were read on this motion to/for           CONSOLIDATE/JOIN FOR TRIAL    .

APPEARANCES:

    Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York, New York (David Barry Rosenbaum, Esq., of counsel) for plaintiffs.

    Law Office of Gary S. Fish, New York, New York (Gary S. Fish, Esq., of counsel) for defendants.

HON. EMILY MORALES-MINERVA:

    In this commercial landlord-tenant action, defendants TIMES SQ PHOTO, INC. (tenant), and RAYMOND SAKA (guarantor) move, by notice of motion (seq. no. 004), pursuant to CPLR § 3212, for

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 1 of 26

1 of 26

[* 1]

summary judgment dismissing the complaint against them. Tenant and guarantor separately move, by notice of motion (seq. no. 005), to consolidate the instant action with 558 Seventh Ave. Corp., et al v Raymond Saka, Alex Saka, Index No. 651255/2023 (Sup Ct, NY County 2023).

Plaintiffs 558 SEVENTH AVE CORP., TWO LIONS CAPITAL LLC, and 200 WEST 40, LLC AS TENANTS IN COMMON (collectively owner/landlord), oppose motion (seq. no. 004), and cross-move (1) for an order pursuant to CPLR § 3212, granting owner/landlord summary judgment against guarantor as to liability, and against tenant and guarantor as to damages, and (2) for an order pursuant to CPLR § 3211(b), dismissing tenant and guarantor's affirmative defenses. Owner/Landlord also opposes motion (seq. no. 005) for consolidation.

For the reasons set forth below, the motion (seq. no. 004) of tenant and guarantor for an order of summary judgment is denied entirely; owner/landlord's cross-motion for summary judgment is granted, in part, on the issue of guarantor's liability alone; owner/landlord's cross-motion for **an** order dismissing tenant and guarantor's affirmative defenses is granted, in part; and tenant and guarantor's motion to consolidate (seq. no. 005) is denied.

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 2 of 26

[* 2]

BACKGROUND

Plaintiffs 558 SEVENTH AVE CORP., TWO LIONS CAPITAL LLC, and 200 WEST 40, LLC AS TENANTS IN COMMON (owner/landlord) are the owners, lessors, and landlord, as tenants-in-common, of a commercial property located at 200 West 40th Street, New York, New York 10011 (see NY St Cts Elec Filing [NYSCEF] Doc. No. 111, Amended Complaint, at ¶4). On or about February 22, 2019, defendant TIMES SQ PHOTO, INC. (tenant) and owner/landlord executed a ten-year lease for the ground floor of said premises (id. at ¶8). Said commercial lease included a "Guaranty" pursuant to which defendant RAYMOND SAKA (guarantor) personally guaranteed the commercial lease obligations of tenant including the monetary obligations thereunder (id. at ¶110).[1]

Tenant failed to pay rent for the period of April 2020 through February 2021, and vacated the premises in February 2021. In the meanwhile, on July 14, 2020, owner/landlord commenced this action against tenant and guarantor, alleging

---

[1] The Guaranty provides, in part: "[t]he undersigned Raymond Saka [guarantor] . . . hereby guaranties, unconditionally and absolutely, to [owner/landlord], its successors and assigns (without requiring any notice of nonpayment, non-keeping, nonperformance or nonobservance or proof of notice or demand whereby to charge Guarantor, all which Guarantor hereby waives), the full and faithful keeping, performance and observance of all the covenants, agreements, terms, provisions and conditions of the Lease provided to be kept, performed and observed by Tenant . . . and the payment of any and all other damages for which Tenant shall be liable by reason of any act or omission contrary to any said covenants, agreements, terms, provisions or conditions" (see NYSCEF Doc. No. 24, Guaranty, p 41).

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 3 of 26

3 of 26

[* 3]

breach of contract and breach of guaranty, and seeking payment of rental arrears, additional rent, and attorneys' fees (see NYSCEF Doc. No. 154, Affirmation, at ¶5).

Tenant and guarantor filed an answer, asserting nine affirmative defenses (see NYSCEF Doc. No. 112, Amended Answer, at ¶19). Among those defenses are owner/landlord's failure to re-let the premises; owner/landlord's failure to properly serve defendant; tenant's insolvency, rendering any judgment unenforceable; the applicability of Administrative Code of City of NY § 22-1005 as it pertains to rental monies allegedly owed; and owner/landlord's failure to properly maintain the premises.

Following the answer, owner/landlord filed a motion (seq. no. 001), pursuant to CPLR § 3212, for an order granting them summary judgment and awarding damages as a matter of law. Tenant and guarantor opposed the motion, and cross-moved to dismiss the complaint as against the guarantor for improper service.

The court (N. Bannon, J.S.C.), among other things, denied said motion in its entirety, reasoning that NYC Administrative Code § 22-1005 (the Guaranty Law)[2] prohibits enforcement of

---

[2] NYC Administrative Code § 22-1005 ("Guaranty Law") bars enforceability against a natural person of that person's guarantee of commercial-lease obligations if two conditions are satisfied, (1) the tenant's operations were halted or restricted under March 2020 COVID-related executive orders, and (2) the "default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and June 30, 2021, inclusive" (Administrative Code § 22-1005 [2]).

[* 4]

personal guaranties on commercial leases (see Decision and Order, dated January 11, 2021).

Upon owner/landlord's appeal, the Appellate Division, First Department, reversed, reinstating the complaint, and granting owner/landlord's motion for an order of summary judgment as to liability against tenant for unpaid rent (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [1st Dept 2021]). The honorable First Department reasoned that tenant did not dispute its failure to pay rent, "but [instead] disputed [owner/landlord's] treatment of the security deposit in calculating their damages" for unpaid rent (id. at 561). Therefore, no issue of fact existed as to tenant's breach, and the Appellate Division instructed tenants to "raise their arguments about the security deposit at the trial on damages" (id. at 562).

Regarding the applicability of the Guaranty Law (see Administrative Code of City of NY § 22-1005), the First Department noted that owner/landlord "acknowledged" the statute "prohibited the enforcement of commercial lease guaranties against natural persons in certain circumstances" (id. at 562). However, as an issue a fact exists as to whether tenant is liable for nonpayment of rent during periods outside the statute's protection, the First Department determined that the

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.          Page 5 of 26
Motion No.  004 005

[* 5]

parties should "make their factual showings [as to the outside periods] at the trial" (id. at 562).

Following the First Department's decision, owner/landlord moved, by notice of motion (seq. no. 002), to restore the matter to the court's calendar, to amend the pleadings, to dismiss tenant and guarantor's affirmative defenses, and to obtain an order, granting it summary judgment against guarantor.

The court (N. Bannon, J.S.C.) granted owner/landlord's motion, in part, to the extent of restoring the matter to the court's calendar and permitting them to file an amended complaint (see Decision and Order, dated January 18, 2023). The court (N. Bannon, J.S.C.) denied owner/landlord's motion, in remaining part, as premature to the extent that it sought an order of summary judgment and dismissal of affirmative defenses not yet filed (id.).

After the parties filed their amended pleadings, tenant and guarantor moved, by notice of motion (seq. no. 003), pursuant to CPLR § 3211(e), to dismiss the amended complaint as against guarantor on the ground of improper service. The Court (N. Bannon, J.S.C.) denied said motion, finding, among other things, "a presumption of effective service without persuasive rebuttal" (Decision and Order, dated April 23, 2023).

The parties then engaged in discovery with the court (N. Bannon, J.S.C.) holding the final status conference between

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 6 of 26

[* 6]

them on October 19, 2023. There, the parties confirmed that discovery was "nearly complete" and the same court set the deadline for the filing of the note of issue (see NYSCEF Doc. No. 151, Status Conference Order). Thereafter, owner/landlord filed a timely Note of Issue.

Tenant and guarantor then filed the instant motions for an order of summary judgment (motion seq. no. 004) and for consolidation (motion seq. no. 005).[3] Owner/landlord filed opposition to both motions, cross-moving in motion seq. no. 004 for an order of summary judgment and for an order dismissing affirmative defenses. The court shall address each motion in turn immediately below.

---

[3] The affirmation in support of tenant and guarantor's motions repeatedly instructs that "the Court shall take judicial notice" of broad parts of the record, including exhibits and pleadings (see NYSCEF Doc. No. 154, Affirmation in Support, p 1-4; see also NYSCEF Doc. No. 176, Affirmation in Reply, p 1-2, 4). However, this Court is not under any duty to take judicial notice of such documents and declines to do so here where defendants make no direct request, offers no explanation as to what, if any, parts in the broad materials listed constitute common and general knowledge appropriate for judicial notice (see generally Dollas v W.R. and Co., 22 AD2d 319 [1st Dept 1996] [providing that trial courts, in exercise of discretion, may take judicial notice of matters "of common and general knowledge, well established and authoritatively settled"]; see also Blonder & Co. v Citibank, N.A., 28 AD3d 180, 189 [1st Dept 2006] [setting for the "test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof"]).

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.                     Page 7 of 26
Motion No.  004 005

7 of 26

[* 7]

MOTION SEQUENCE 004

*Tenant and Guarantor's Motion for Summary Judgment*

Analysis

On a motion for summary judgment, the moving party must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering [evidentiary proof in admissible form] to demonstrate the absence of any material issues of fact'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR § 3212[b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1066, [1979] [providing movant must support the subject application with "'evidentiary proof in admissible form'"]). It is black letter law that such proof shall include the "affidavit" of a person having personal knowledge of the facts, "a copy of the pleadings" and "other available proof, such as depositions and written admissions" (see CPLR § 3212 [b]).

The court must view the facts in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences (see De Lourdes Torres v Jones, 26 NY3d 742 [2016]).

If the moving party makes the requisite showing, the non-moving party then has the burden "'to establish the existence of

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 8 of 26

[* 8]

[factual issues] which require a trial of the action'" (id. at 763, citing Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324).

Here, it is the law of the case that tenant is liable to owner/landlord for unpaid rent as asserted in the first cause of action (see generally Chanice v Fed. Exp. Corp., 118 AD3d 634 [1st Dept 2014] [explaining that "[t]he doctrine of law of the case contemplates that the parties had a full and fair opportunity to litigate when the initial determination was made" and, "[w]hen applied, the doctrine precludes parties . . . from relitigating an issue that has already been decided"]; see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [1st Dept 2021] [granting this owner/landlord summary judgment against tenant as to liability for unpaid rent]; see also NYSCEF Doc. No. 110, Decision and Order, dated Jan. 18, 2023, p 1 [explaining the same]).

Therefore, the undersigned will not entertain the summary judgment motion (seq. no. 004) to the extent it seeks an order finding that tenant is not liable to owner/landlord as a matter of law.

The Court next addresses the portion of the motion, seeking an order of summary judgment on liability as against guarantor. Tenant and guarantor first contend that tenant cannot be held liable for the default occurring during the statutory period

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.                    Page 9 of 26
Motion No.  004 005

9 of 26

[* 9]

covered in Administrative Code § 22-1005 ("Guaranty Law") and, therefore, the guaranty is unenforceable, as a matter of law. As with their previous argument, tenant and guarantor appear to neglect the law of the case.

The Appellate Division decision clearly found an issue of fact exists whether tenant defaulted on rent during periods where the guaranty under the lease was not suspended, pursuant to the Guaranty Law (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [1st Dept 2021] [holding that -- as [owner/landlord] allege that guarantor is liable for periods outside the protective statutory window -- "the parties should be permitted to make their respective factual showings at the trial"]).

However, since the First Department in this action, the United States District Court, Southern District, found the Guaranty Law unconstitutional as it violates the Contracts Clause (see Melendez v City of New York, 668 F Supp3d 184 [2023]; see also US Const art 1, § 10, cl 1; US Const art 3, § 2, cl 1). Considering this decision, owner/landlord counters that tenant and guarantor no longer have any defense, pursuant to Administrative Code § 22-1005, and guarantor's obligations are no longer suspended, in any part.

This court agrees, finding no sense in departing from either the solid reasoning or holding in Melendez (id.).

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 10 of 26

Indeed, neither tenant nor guarantor challenge the federal decision on the merits, or make any substantive arguments about the provision's interplay with the Contracts Clause (see e.g. 128 Second Realty, supra, 2024 NY Slip Op 32713 [U], *5). Further, in the instant matter, owner/landlord served notice on non-party City of New York under CPLR § 1012 (b) to intervene in support of the Guaranty Law's constitutionality without any result (see NYSCEF Doc. No. 168, Affirmation of Service, dated February 22, 2024).

Tenant and guarantor argue only that Melendez should not be applied here because doing so would expand defendant guarantor's liability "where none ... previously ... existed" (see NYSCEF Doc. No. 176, Affirmation, at ¶ 6). However, this argument is unavailing.

The subject commercial lease -- which tenant and guarantor undisputedly executed -- established the personal guarantee of tenant's lease obligations throughout the lease period (see NYSCEF Doc. No. 171, Lease/Rider Attached to and Forming Part of Lease, at ¶ 110). For its part, the Guaranty Law extinguished this obligation. Recognizing said law as unconstitutional, and giving the commercial lease its intended meaning, cannot fairly be said to create an obligation where none previously existed.

Also unavailing is tenant and guarantor's remaining argument on this topic -- that recognizing the

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 11 of 26

[* 11]

unconstitutionality of the Guaranty Law violates the Ex Post Facto Clause of the United States Constitution.

The prohibition on Ex Post Facto laws applies to penal statutes, not to commercial lease guarantees which are not laws and are essentially civil in nature (see generally People ex rel. Rivera v. Superintendent, Woodbourne Corr. Facility, 40 NY3d 307, 312 [2023] [explaining that "[t]he United States Constitution's Ex Post Facto Clause prohibits states from 'retroactively alter(ing) the definition of crimes or increas[ing] the punishment for criminal acts'" and that, "where the challenged statute does not seek to impose a punishment, it does not run afoul of the Ex Post Facto Clause"]; see also Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202, 209 [2017]).

Tenant and guarantor's next seeks an order for summary judgment dismissing the complaint as tenant is now a dissolved corporation. However, Business Corporation Law § 1006 provides, in relevant part:

> "[that a dissolved corporation] may continue
> to function for the purpose of winding up
> the affairs of the corporation . . . The
> dissolution of a corporation shall not
> affect any remedy available to or against
> such corporation, its directors, officers,
> or shareholders for any right or claim
> existing or any liability incurred before
> such dissolution, except as provided in
> sections 1007 (governing notice to creditors
> and claimants) or 1008 (governing supreme

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 12 of 26

[* 12]

> court's jurisdiction to supervise
> dissolution and liquidation"

(see also Business Corporation Law §§ 1007 and 1008).

Therefore, a corporation "continues to exist after dissolution for the winding up of its affairs, and a dissolved corporation may sue or be sued on its obligations, including contractual obligations and contingent claims, until its affairs are fully adjusted" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 661 [2009]; see also MMI Trading, Inc. v Nathan H. Kelman, Inc., 120 AD3d 478, 479-480 [2nd Dept 2014]. In this regard, the Business Corporation Law requires that the claim was to have existed before dissolution (see Matter of Ford v Pulmosan Safety Equip. Corp., 52 AD3d 710, 711 [2008]; Gutman v Club Mediterranee Intl., 218 AD2d 640, 641, 630 NYS2d 343 [1995]).

The claims here existed prior to tenant's dissolution. Further, the Appellate Division, First Department found tenant liable for the instant breach of contract claim prior to such dissolution.

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 13 of 26

13 of 26

[* 13]

## CROSS-MOTION FOR SUMMARY JUDGMENT

In its cross-motion for summary judgment, owner/landlord contend that they are entitled to summary judgment on damages against tenant in the total sum of $813,378.77 (see NYSCEF Doc. No. 175, Plaintiffs' Cross-Motion). However, owner/landlord has not established a *prima facie* entitlement to a judgment on said amount (W6 Facility X, LLC v West 6 Care Ctr., Inc., 169 AD3d 968 [2d Dept 2019]). Therefore, the issue of damages must be resolved at trial.

Owner/landlord further contend that they are entitled to an order of summary judgment against guarantor, pursuant to the Guaranty.

To establish a prima facie showing of liability under a guaranty, the proponent of said relief must establish "the existence of the guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro, 25 NY3d 485, 492 [2015]; Davimos v Halle, 35 AD3d 270, 272 [1st Dept 2006]; City of New York v Clarose Cinema Corp., 256 AD2d 69, 71 [1st dept 1998]). Thereafter, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue [of fact]" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., 25 NY3d at 492).

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005
Page 14 of 26

14 of 26

[* 14]

"A guaranty is a promise to fulfill the obligations of another party, and is subject 'to the ordinary principles of contract construction'" (id. at 493; Ironwoods Troy, LLC v OptiGolf Troy, LLC, 204 AD3d 1130 [3d Dept 2022]). "Under those principles, a written agreement that is complete, clear, and unambiguous on its face must be enforced according to the plain language of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).

Here, owner/landlord establishes (1) the existence of the unconditional Guaranty (see NYSCEF Doc. No. 24, Guaranty), (2) the underlying lease agreement and debt owed (see NYSCEF Doc. No. 171, Lease; NYSCEF Doc. No. 173, Rent Ledger; NYSCEF Doc. No. 26, Notice of Drawdown), and (3) guarantor's failure to make payment in accordance with the terms of the Guaranty (see NYSCEF Doc. No. 169, Affidavit of Morwin Schmookler, Vice President of 558 SEVENTH AVE. CORP., Manager of TWO LIONS CAPITAL LLC and 200 WEST 40 LLC, and signor of the Lease ["Schmookler Affidavit"]).

The Guaranty, which guarantor signed in connection with the commercial Lease, is duly notarized (see Ulm I Holding Corp v Antell, 155 AD3d 585 [1st Dept 2017][providing: "plaintiff landlord sustained its prima facie burden of showing that [defendant] breached the 'good guy' guaranty he signed in

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 15 of 26

15 of 26

connection with the commercial lease by providing a copy of the guaranty, which was notarized"]).

Further, pursuant to the plain language of the Guaranty, guarantor's obligations are:

> "absolute, present, primary and unconditional in all respects, and shall at all times be valid and enforceable irrespective of any other agreements or circumstances of any nature whatsoever which might otherwise constitute a defense to this Guaranty and the obligations of guarantor under this Guaranty . . . with respect to the Lease"

(NYSCEF Doc. No. 24, Guaranty p 43, at ¶ 5 [emphasis added]). This language is unequivocal and establishes that guarantor personally and unconditionally guaranteed the lease obligations for tenant throughout the lease period (see 20 Rewe Street, Ltd v Zheng, 228 AD3d 607, 608 [2d Dept 2024] [holding: "plaintiff established its prima facie entitlement to judgment as a matter of law . . . by demonstrating that defendant unconditionally guaranteed the payment of (tenant's) obligations under the lease]).

Additionally, the Schmookler Affidavit and Rent Ledger (see NYSCEF Doc. No. 169, Schmookler Affidavit; NYSCEF Doc. No. 173, Rent Ledger) establishes that tenant defaulted on its obligation to pay the rent owed to owner/landlord. In any event, the First Department's decision found tenant liable to owner/landlord for

653090/2020 558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 16 of 26

16 of 26

unpaid rent (see 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561 [1st Dept 2021]; see also NYSCEF Doc. No. 110, Decision and Order, dated Jan. 18, 2023, p 1 [explaining the same]). Said default triggered full recourse against guarantor pursuant to the unequivocal terms of the Guaranty (see Reliance Constr. Ltd. V Kennelly, 70 AD3d 418, 419 [1st Dept 2010]).

Further, the Schmookler Affidavit and Rent Ledger, which both contain a table of the rent arrears owed and paid by neither tenant nor guarantor, establishes guarantor's failure to fulfill the lease obligation on behalf of the defaulting tenant see NYSCEF Doc. No. 169, Schmookler Affidavit, at ¶ 22-26; NYSCEF Doc. No. 173, Rent Ledger; see also Thor Gallery at South Dekalb, LLC v Reliance Mediaworks (USA) Inc., 143 AD3d 498 [1st Dept 2016][holding: "plaintiff established prima facie the existence of the lease and guaranty . . . and tenant's failure to pay the rent . . . and the calculation of the amounts due under the lease, through the CFO's affidavit . . . which included a table of all payments by the tenant")].

In opposition, defendants fail to raise a triable issue of fact. Defendants only argument in rebuttal is that "a question of fact exists, as to whether Melendez [sic] should be prospectively or retroactively applied, so summary judgment on the issue of guarantor's liability should be denied" (NYSCEF

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 17 of 26

17 of 26

[* 17]

Doc. No. 176, Opposition, at ¶ 6). This argument does not raise an issue of fact for trial and is addressed above.

Accordingly, this court grants summary judgment on the issue of guarantor's liability, and the issue of damages shall be resolved at trial.

## CROSS-MOTION FOR ATTORNEYS' FEES

"Under the American Rule, a prevailing party in litigation generally may not recover attorney's fees from the losing party" (Sage Sys., Inc. v. Liss, 39 NY3d 27, 29 [2022], citing Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]). Absent statute, agreement, or contract, containing "'unmistakably clear' language" permitting a successful party to recovery for attorneys' fees, no such recovery is permissible (Sage Sys, Inc., 39 NY3d at 31, citing Hooper, 74 NY2d at 492).

Here, paragraph 19 of the commercial lease permits recovery of "reasonable attorneys' fees in instituting, prosecuting, or defending" any actions arising from tenant's default where owner/landlord prevails in any such action (NYSCEF Doc. No. 171, Lease, at ¶ 19).[4] However, efficiency warrants that this application be left for the conclusion of the trial.

---

[4] Paragraph 19 of the Lease states, "If Tenant shall default in the observance or performance of any term or covenant on Tenant's part to be observed or performed under, or by virtue of, any of the terms or provisions in any

653090/2020 558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 18 of 26

[* 18]

In any event, owner/landlord fails to establish the reasonableness of the fees claimed. When a party is entitled to attorneys' fees due to contract, agreement or statute, the moving party must provide proof of reasonableness of the amount sought (see Gray Mfg. Co. v. Pathe Indus., Inc., 33 AD2d 739 (1st Dept 1969)). When considering reasonableness of the attorneys' fees, the court considers "factors such as time and labor, difficulty of the questions involved, the amount involved, counsel's experience, ability, and reputation, and the customary fee charged for such services" (Matter of Wellington Trusts. [JPMorgan Chase Bank, N.A.-Sarah P.], 165 AD3d 809, 815 [2d Dept 2018]), no proof of which exists on this record.

CROSS-MOTION TO DISMISS AFFIRMATIVE DEFENSES

The standard of review on a motion, pursuant to CPLR § 3211 (b), to dismiss an affirmative defense "is akin to that used

---

article of this lease, after notice is required, and upon expiration of any applicable grace period if any, then, unless otherwise provided elsewhere in the lease, Owner may immediately, or at any time thereafter, and without notice, perform the obligation of Tenant thereunder, and if Owner, in connection therewith or in connection with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money including but not limited to reasonable attorney's fees in instituting, prosecuting, or defending any actions or proceeding, and prevails in any such action or proceeding, such sums so paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder and shall be paid by Tenant to Owner within ten days of rendition of any bill or statement to Tenant therefore, and if Tenant's lease term shall have expired at the time of making such expenditures or incurring such obligations, such sums shall be recoverable by Owner as damages" (NYSCEF Doc. No. 171, Lease).

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 19 of 26

under CPLR § 3211 (a)(7), i.e., whether there is any legal or factual basis for the assertion of the defense" (Matter of Ideal Mut. Ins. Co., 140 AD2d 62, 67 [1st Dept 1988]). Further, on such a motion to dismiss, the plaintiff has the burden of "demonstrating that the defenses are without merit as a matter of law" (534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 541 [1st Dept 2011]). And the court must provide defendant "the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (Warwick v Cruz, 270 AD2d 255 [2d Dept 2000]).

Though this court grants owner/landlord's motion for summary judgment on the issue of guarantor's liability, defendants' affirmative defenses are primarily geared toward the issue of damages. As such, this court will review each affirmative defense in turn below.

Tenant and guarantor's first affirmative defense, failure to mitigate damages, is dismissed as it has no merit. "A landlord is under no legal duty to mitigate damages in the event of a material breach of the lease by a commercial tenant" (New 24 W. 40th St. LLC v XE Cap. Mgmt., LLC, 104 AD3d 513, 514 [1st Dept 2013]); Sage Realty Corp. v Kenbee Mgmt.-New York, Inc., 182 AD2d 480 [1st Dept 1992] [providing: "this court has repeatedly held that 'in a commercial leave the lessor is not under a duty to mitigate damages'"]). Additionally, tenant and guarantor are silent in

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Page 20 of 26

20 of 26

their opposition as to the viability of this affirmative defense (see Steffan v Wilensky, 150 AD3d 419 [1st Dept 2017] [providing that defendants silence in his opposition brief is a concession "that the ... affirmative defense should be dismissed"]).

Tenant and guarantor's second affirmative defense -- that owner/landlord is not entitled to rent acceleration damages pursuant to the plain language of Paragraphs 18 and 82 of the Lease -- is sufficiently pled to survive a motion to dismiss. While the parties present starkly contrasted interpretations of Paragraphs 18 and 82 of the Lease, owner/landlord has not established that the defense is without merit as a matter of law. It appears a question of fact remains not only as to whether owner/landlord are entitled to rent acceleration damages, but as to the amount of such damages, if any.

Tenant and guarantor's third affirmative defense is that the damages sought as rent acceleration represent an unenforceable penalty "not liquidated damages" (NYSCEF Doc. No. 112, Amended Answer at ¶21). Tenant and guarantor are correct that "an enforceable liquidated damages provision must be proportionate to the actual damages sustained and cannot serve as a penalty" (see Elk 33 E. 33rd LLC v Sticky's Corp. LLC, 228 AD3d 455 [1st Dept 2024]). However, the liquidated damages provision here, and its proportionality to the actual damages sustained, presents a fact issue.

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.                    Page 21 of 26
Motion No.  004 005

21 of 26

Tenant and guarantor's fourth affirmative defense -- that owner/landlord failed to properly serve guarantor -- is dismissed (see NYSCEF Doc No. 112, Amended Answer, at ¶ 22). The court (N. Bannon, J.S.C.) previously found an unrebutted presumption of effective service on guarantor (see NYSCEF Doc. No. 132, Decision and Order dated April 27, 2023). This substantive decision constitutes the law of the case (see Chanice v Fed. Exp. Corp., 118 AD3d 634 [1st Dept 2014]); see also Ruiz v Anderson, 96 AD3d 691 [1st Dept 2012]).

Tenant and guarantor's fifth and sixth affirmative defenses state that tenant is insolvent, and any judgment is unenforceable, and that guarantor's liability under the Guaranty is also unenforceable due to the insolvency (see NYSCEF Doc No. 112, Amended Answer, at ¶ 23-24). However, this argument has no basis (see Business Corporation Law §§ 1006 and 1007 [previously discussed]). Insolvency alone does not preclude judgment particularly where, as here, tenant was dissolved and divested of its assets mid-litigation (see Fernandez v Kinsey, 205 AD2d 448 [1st Dept 1994]; see also 80-02 Leasehold, LLC v CM Realty Holdings Corp., 123 AD3d 872 [2d Dept 2014]).

Owner/landlord's application to dismiss the seventh affirmative defense -- that the Administrative Code of New York City § 22-1005 ("the Guaranty Law") applies and renders the

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No. 004 005

Guaranty of the commercial lease unenforceable -- is granted for the reasons previously stated.

Tenant and guarantor's eighth and ninth affirmative defenses seek to offset damages due to defective structural conditions, i.e. an alleged water leak (see NYSCEF Doc. No. 112, Amended Answer at ¶ 26-27). Owner/landlord allege that this affirmative defense is barred by the plain language of the Lease. However, these affirmative defenses are sufficiently pled, and owner/landlord's argument raises issues of fact that are ill-suited in the context of a motion to dismiss.

In sum, the court denies tenant and guarantor's motion (seq. no. 004) for an order of summary judgment, dismissing the complaint against them for lack of liability; grants owner/landlord's cross-motion for an order of summary judgment on the issue of guarantor's liability, but otherwise denies the cross-motion as to damages; grants owner/landlord's cross-motion to dismiss the first, fourth, fifth, sixth, and seventh affirmative defenses; and denies owner/landlord's cross-motion to dismiss as to the remaining affirmative defenses.

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.                Page 23 of 26
Motion No.  004 005

23 of 26

[* 23]

MOTION SEQUENCE 005

Tenant and guarantor seek consolidation of this action with 558 Seventh Ave. Corp. v Raymond Saka (Index No. 651255/2023, Sup Ct, NY County 2023) ("558 Seventh Ave. Corp"). In support, they highlight that the 558 Seventh Ave. Corp. matter and the instant matter involve the same commercial space, the same ten-year lease, and common questions of law and fact.

Owner/landlord oppose the motion, arguing that "consolidation of this action would only serve to unnecessarily delay the resolution of this action given the markedly differing postures of the cases" (NYSCEF Doc. No. 185, Owner/landlord Opposition to Motion to Consolidate).

"CPLR § 602(a) gives the trial court discretion to consolidate actions involving common questions of law or fact" (Progressive Ins. Co. v Vasquez, 10 AD3d 518 [1st Dept 2004]). "Even where there are common questions of law or fact, consolidation of actions is properly denied if the actions are at markedly different procedural stages and consolidation would result in undue delay in the resolution of either matter" (L.B. v Stahl York Ave. Co., 188 AD3d 421, 422 [1st Dept 2020]; Abrams v Port Authority Trans-Hudson Corp., 1 AD3d 118 [1st Dept 2003]. "It being well settled that the existence of substantial prejudice in the form of delay in the trial of another action is sufficient reason to deny

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.
Motion No.  004 005

Page 24 of 26

[* 24]

consolidation even in situations where common questions of law or fact exits" (F&K Supply, Inc v Johnson, 197 AD2d 814 [3d Dept 1993]).

Here, the two actions are at vastly different stages of litigation -- the issue of liability has been determined in the instant action, with only the issue of damages outstanding, while discovery is at its infancy in the second action (see Krembs v NYU Langone Hosps., 214 AD3d 453 [1st Dept 2023]). This matter will be placed on the trial calendar imminently, and consolidation would unduly delay the completion of such. Thus, consolidation would not serve judicial economy or the interests of justice, and would substantially prejudice owner/landlord (see Stahl York Ave. Co., 188 AD3d at 421; see F&K Supply, 197 AD2d at 814). Therefore, the motion to consolidate (seq. no. 005) is denied.

Accordingly, it is

ORDERED that the motion (seq. no. 004) of defendants TIMES SQ PHOTO, INC. (tenant) and RAYMOND SAKA (guarantor) for an order of summary judgment is denied entirely; it is further

ORDERED that the cross-motion of plaintiffs 558 SEVENTH AVE CORP., TWO LIONS CAPITAL LLC, and 200 WEST 40, LLC AS TENANTS IN COMMON (owner/landlord) is granted, in part, as to guarantor's liability and denied, in all remaining parts; it is further

ORDERED that plaintiffs' cross-motion to dismiss the affirmative defenses, is granted, in part, to the extent that

653090/2020   558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC.                        Page 25 of 26
Motion No.  004 005

defendants' affirmative defenses numbered first, fourth, fifth, sixth, and seventh are dismissed, and denied, in all remaining parts; and it is further

ORDERED that the defendants' motion (seq. no. 005) to consolidate is denied; and it is further

ORDERED that this matter is scheduled for a Pre-Trial Conference before Justice Emily-Morales Minerva in Part 42 at 111 Centre Street New York, NY 10013, in Courtroom 574 on January 7, 2025, at 10:00 A.M.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

September 17, 2024
DATE

EMILY MORALES-MINERVA, J.S.C.

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

653090/2020  558 SEVENTH AVE CORP. vs. TIMES SQ PHOTO, INC. Page 26 of 26
Motion No.  004 005

26 of 26